BIRNEY v. SHARP, *Appellant.*

1. **Practice in the Supreme Court:** INSTRUCTIONS: PRESUMPTIONS. The record did not contain the instructions given on behalf of the plaintiff: *Held* that, in their absence, it was impossible to determine whether or not error had been committed in refusing those asked by the defendant; and that, in such case, the presumption would be in favor of the propriety of the action of the trial court.

2. ———: IMMATERIAL EVIDENCE: WEIGHT OF EVIDENCE. The Supreme
Court will not reverse because of the admission of incompetent
evidence where it is seen to be immaterial; and, where there is evi-
dence to support the verdict, will not disturb the same upon the
mere weight of evidence.

*Appeal from Schuyler Circuit Court.*—HON. ANDREW ELLISON,
Judge.

AFFIRMED.

*J. M. Knott* and *James Raley* for appellant.

*Higbee & Shelton* for respondent.

RAY, J.—The petition charges that, in May, 1877,
plaintiff contracted with defendant for the sale of, and sold
to defendant, sixty merchantable fat hogs, to be delivered in
Queen City, Schuyler county, on any day from the 20th
day of November next thereafter to the 10th day of De-
cember, inclusive, at the option of the defendant—he to
notify plaintiff on which of said days, from the 20th day of
November to the 10th day of December, to deliver said hogs
—said hogs to average not less than 250 pounds, for which
defendant agreed to pay plaintiff five cents per pound on
delivery as aforesaid; and plaintiff says that defendant,
then and there paid plaintiff $5 on said contract, as earnest
money and in part payment, which was accepted by plaintiff
accordingly; that plaintiff at all times during said period
between the 20th day of November and the 10th day of
December, inclusive, was ready and willing to deliver said
hogs to defendant pursuant to said contract, and during
said period plaintiff requested defendant to inform him on
what day he would receive said hogs, but defendant refused
to name any day for such delivery, and failed to notify
plaintiff when to deliver the same; and that, during said
period, to-wit, on the 10th day of December, 1877, during
usual business hours, and before sunset of that day, plaintiff
tendered to defendant and offered to deliver to him, in

Queen City aforesaid, sixty merchantable fat hogs averaging 250 pounds, but defendant refused to receive them; that said hogs then weighed 15,821 pounds, and the sum then due plaintiff therefor was $786.05; that said hogs were then worth in the market only three and a half cents per pound, at which price he sold said hogs, receiving therefor $553.73. Wherefore plaintiff says he is damaged in the sum of $233.32 by the default of defendant, in failing to receive and pay for said hogs, for which amount, with interest and costs, he asks judgment.

The second count of said petition, in all respects, set out the same transaction, or cause of action, except that the second count contained the following averment, the first part of which is not included in the first count: " That by the custom of the country in contracts for the sale and future delivery of hogs and other live stock, the 10th day of December, 1877, was included as one of the days for the delivery of said hogs, as defendant well knew, and as considered at the time of making said contract, and in fact, according to the understanding and intention of the plaintiff and defendant said day was so included."

The answer of defendant is: 1st, A general denial; 2nd, Then charges that in May, 1877, plaintiff sold and agreed to deliver to defendant, and defendant purchased and agreed to receive and pay for one car load of smooth, straight, merchantable fat hogs, to average not less than 250 pounds, for the price of five cents per pound, to be paid for on delivery at Queen City at any time between the 20th day of November and the 10th day of December following, at the option of plaintiff, and defendant then paid plaintiff $5 on the contract to bind the bargain, which was received accordingly. And defendant says that he was at all times, between the 20th day of November and the 10th day of December, ready and willing to receive and pay for said hogs, but that plaintiff at no time between said days delivered, or tendered the delivery of said hogs to defendant, but failed and neglected so to do, to the damage of

defendant of the sum of $5, for which he asks judgment.

The reply to this answer was a general denial of all of said new matter so stated.

There was a trial before a jury, who found the issues for the plaintiff, and judgment was rendered accordingly, from which the defendant, after an unsuccessful motion for a new trial, appealed to this court.

It appears from the bill of exceptions that at the trial the plaintiff offered evidence tending to sustain the issues on his side, and that the defendant also offered evidence tending to sustain the issues on his part, and also objected to evidence of plaintiff to prove the custom in that locality set up in the second count of the petition. At the close of the testimony, the court, over the objection of the defendant, gave six or seven instructions for plaintiff, none of which, however, are preserved in the record, the clerk certifying that they could not be found, and had been lost by counsel. The court, also, refused four or five instructions asked by the defendant, which it is unnecessary here to insert, in the absence of those given for the plaintiff.

The defendant claims a reversal: 1st, On the ground of error in giving and refusing said instructions; 2nd, On the ground of error in receiving evidence offered by plaintiff to establish the custom, in that locality, in reference to contracts of the description of the one in question.

On the first point, it is manifestly impossible, in the absence of the instructions given for the plaintiff, for the

1. PRACTICE IN THE SUPREME COURT; instructions: presumptions.
court to determine whether they were right or wrong. In such cases all the presumptions are in favor of the correctness of the ruling of the trial court. In their absence and without knowing what points have been ruled and how, it is equally impossible to determine whether it was error in the court to refuse the instructions asked by defendant. They may, from aught that appears, have covered the same ground, and been embraced in those already given for the plaintiff, and refused for that reason. Without the entire record

before us, we cannot say that the court erred in this particular. In such cases, also, the presumptions are in favor of the propriety of the action of the lower court.

As to the second point, it is perhaps sufficient to say that, conceding that the evidence of custom, offered by 2. ——: immaterial plaintiff, was incompetent, yet, as the evidence of the plaintiff tended to show it was the distinct agreement and understanding of the parties, at the time, that both the 20th day of November and the 10th day of December were included in the days within which said hogs might be delivered, the alleged custom of the country, in that behalf, became and was wholly immaterial, and the ruling of the court, in that particular, under the facts of this case, furnishes no sufficient cause for reversal. The contract in this case being altogether verbal, it and its fulfillment or non-fulfillment, were all matter of evidence, submitted to and passed upon by the jury; and the uniform practice of this court, when there is evidence to support the verdict of the jury, not to disturb the same, on the mere weight of evidence, is too well settled to require any cital of authority on this point.

*[margin note: 2. ——: immaterial evidence: weight of evidence.]*

For these reasons the judgment of the circuit court is affirmed. All concur.