Stonebraker v. Ford.

---

STONEBRAKER *et al.* v. FORD *et al.*, *Plaintiffs in Error*.

1. **Mortgage to Indemnify Sureties**: WHEN LATTER ENTITLED TO MORTGAGED PROPERTY. Where a mortgage is given to indemnify the mortgagees against loss as sureties of the mortgageor, the sureties, in the absence of a provision in the mortgage authorizing it, are not entitled to possession of the mortgaged property until they have paid the mortgage debt or some part of it.

2. **Mortgage**; DESCRIPTION OF PROPERTY CONVEYED. Where the recording of a mortgage, as under our statute, takes the place of the actual delivery of the mortgaged property, the mortgage to be effectual, must point out the subject matter of it so that a third person by its aid, together with the aid of such inquiries as the instrument itself suggests, may identify the property conveyed.

Stonebraker v. Ford.

3. ———: ———. A mortgage described the property therein conveyed as "forty head of cattle of different ages and sexes, most of them thoroughbreds," and as being on the mortgageor's farm in Pike county. The evidence showed that at the time of the execution of the mortgage, the mortgageor had "forty-five or forty-six head of cattle on his farm of different ages and sizes." The mortgagees brought replevin for sixteen head of said cattle describing them in the petition as "sixteen head of thoroughbred aged cattle;" *Held*, that as to the cattle involved in suit, the mortgage was inoperative, because they were insufficiently described therein.

81 533
95a [2]142
97a [2]582

*Error to Louisiana Common Pleas Court.*—Hon. G. Porter, Judge.

Reversed.

*W. H. Biggs* for plaintiffs in error.

The court committed error in permitting the defendants in error to read the chattel mortgage in evidence. 1st. Because the description of the debt attempted to be secured by the mortgage was too vague and indefinite. *Rood v. Welch*, 28 Conn. 157, and authorities cited. 2d. Because the description of the property attempted to be transferred by the mortgage is so vague, indefinite and uncertain as to render the instrument void. *Golden v. Cockrell*, 1 Kas. 259; *Richardson v. Alpina Lumber Co.*, 40 Mich. 203; *Crosswell v. Allis*, 25 Conn. 301; *Bullock v. Williams*, 16 Pick (Mass.) 33; *Kelley v. Reid*, 57 Miss.; *Fowler v. Hunt*, 48 Wis. 345; Jones Chat. Mort., § 56; Herman Chat. Mort., §§ 38, 42. 3d. Because the evidence of defendants in error shows that the mortgage was in point of fact given to secure the defendants in error as endorsers for John E. Stonebraker to one William C. Prewitt. The testimony of Alfred and John E. Stonebraker shows that plaintiffs in error did not sign the Prewitt note. 4th. Because the defendants failed to show by their testimony that the property involved was a portion of the identical property described in the mortgage. 5th. The chattel mortgage was void as to the cattle and sheep, because John

L. Stonebraker testified that at the time the mortgage was given he had forty-five or forty-six head of cattle on his farm in Pike county, and that he also had thirty-three head of imported Cotswold sheep on his farm. John E. Stonebraker by the mortgage attempts to sell or transfer to the mortgagees "forty head of cattle of different ages, sizes, etc., and twenty head of imported Cotswold sheep then on his farm in Pike county, Missouri." There is no pretense that forty head of cattle and twenty head of imported Cotswold sheep were separated from the other cattle and sheep at the time the mortgage was given, nor is there anything in the testimony tending to prove which forty head of cattle out of the lot of forty-six, or which twenty head of imported Cotswold sheep out of the lot of thirty-three head were intended to be conveyed or transferred to the defendants in error by the mortgage. *Blakely v. Patrick*, 67 N. C. 40; 12 Am. R. 600; *Waldo v. Belcher*, 11 Ired. (N. C.) 609; *Jones v. Morris*, 7 Ired. (N. C.) 370; *White v. Wilks*, 5 Taunton 176. The court should have given instruction No. 1 asked by plaintiffs in error. Authorities last cited. Instruction No. 2, asked by plaintiffs and refused by the court, should have been given. *Burgert v. Borchert*, 59 Mo. 80.

*Champ Clark* for defendant in error.

(1) The law, as applicable to the case, was properly declared in the instructions given for the defendants in error. *Durkee v. Chambers*, 57 Mo. 575; *Kuykendall v. McDonald*, 15 Mo. 416, 420; *Shelly v. Boothe*, 73 Mo. 74; *Henderson v. Henderson*, 55 Mo. 534. (2) The mortgage was not void for uncertainty. The degree of accuracy or particularity with which property may be described depends upon its nature. In this mortgage the horses, mules, farming implements and machinery were described so that any man might recognize them. Likewise the cattle. And the only manner possible in describing Cotswold sheep is to

say " so many Cotswold Sheep." And the testimony shows conclusively that the officer who served the process had no trouble in identifying the mortgaged property as described in the mortgage. See *Conkling v. Shelly*, 28 N. Y. 360; *Gardner v. McEwen*, 19 N. Y. 123; Hermann on Chattel Mortgages, 73, 75. (3) The fact that the mortgageor remained in possession was no evidence of fraud. (4) The plaintiffs in error signally failed in their attempt to show that the mortgageor had sold or attempted to sell any of the mortgaged property until the institution of this suit. And even if he had sold the property, there is nothing in the testimony or circumstances to show that the mortgagees knew of it; and therefore the mortgage could not have been affected thereby. *Howell v. Bell*, 29 Mo. 135; Wag. St. § 8, p. 281; *Mertzner v. Graham*, 57 Mo. 404.

PHILIPS, C.—This is a controversy between the mortagees and an execution creditor of John E. Stonebraker touching the right to certain personal property of said debtor. In September, 1878, said John E. Stonebraker executed to A. and O. Stonebraker, his uncles, a chattel mortgage on certain personal property then on the farm of the mortgageor in Pike county. On judgment obtained by the defendant, Jacoby, the defendant Ford, as sheriff of said county, levied execution on the part of the mortgaged property to satisfy the same. Thereupon the plaintiffs brought this action in replevin and took possession of the property so seized by the sheriff. After a second trial before a jury, the plaintiffs recovered judgment. From this judgment the defendants have brought the case here on writ of error. Since the case came to this court the defendant, Ford, has died, and the cause has been revived, as to him, in the name of J. Gabriel Phillips, as his executor.

I. The first question presented by this record is, whether this action was not prematurely brought. To maintain the action the plaintiffs must show title, or a right to the present possession of the property which is the subject

of the action. · *Melton v. McDonald,* 2 Mo. 45; *Pilkington v. Trigg,* 28 Mo. 95; *Blakeley v. Patrick,* 67 N. C. 42. To determine this matter recourse must be had to the mortgage. It recites the following condition and provision:

"Upon condition that if he pay to said Alfred and Oliver Stonebraker, their executors, administrators and assigns $5,000 and interest, according to his contract, the same being made to secure the said Alfred and Oliver Stonebraker against loss on account of their having become surety for him on certain notes, then this conveyance shall be void, otherwise to remain in full force and effect. And in case default be made in the payment of the debt above mentioned, or any part thereof, or of the interest due thereon on any day when the same ought to be paid, then the whole sum shall at the election of said Alfred and Oliver Stonebraker become immediately due and payable. The property hereby sold and conveyed to remain in his possession until default be made in payment of the said debt and interest, or some part thereof, but in case of a sale or disposal or attempt to sell or dispose of said property, or a removal of or attempt to remove the same from said farm without the consent of the said Alfred and Oliver Stonebraker, or an unreasonable depreciation in value thereof, the said Alfred and Oliver Stonebraker or their legal representatives may take the said property or any part thereof into their possession." .

The proper construction of this language is that the mortgage was given to indemnify the mortgagees against loss as sureties of the mortgagor. Without some express contract authorizing it, the sureties would, ordinarily, have no cause of action against their principal until they had paid the debt of the principal. The express declaration of the mortgage is, that it was "made to secure the said Alfred and Oliver Stonebraker against loss on account of their having become surety for him on certain notes," and to be void if he shall save them harmless. This is the predicate or governing clause. To preserve the force and consistency of this declared object, the unavoidable con-

struction of the succeeding provisions is, that the "default in the payment of the debt *above mentioned,* or any part thereof, or of the interest due thereon" refers solely to the default of the mortgageor in protecting the mortgagees against "loss on account of their having become sureties for him." Then follows the stipulation, that "the property hereby sold and conveyed to remain in his (the mortgageor's) possession until default be made in payment of the said debt and interest, or some part thereof." The default manifestly refers to the mortgageor's failure to repay the sureties what they may lose by reason of their suretyship. Therefore, the mortgagees were not, by the terms of the mortgage entitled to possession of the property until they had paid the debt of the mortgageor or some part thereof. Until that event the mortgageor was entitled to the possession and this action was prematurely brought. *Sheble v. Curdt,* 56 Mo. 437; *Barnett v. Timberlake,* 57 Mo. 499. The plaintiffs' evidence shows that they did not, if at all, pay any part of the debt until long after the institution of this suit. In this view of the case the circuit court below should have given the instruction, in the nature of a demurrer to the evidence asked by defendant, at the close of the plaintiffs' evidence.

II. It is insisted by the defendant that the mortgage itself is inoperative, because the property named is not sufficiently described. The description of the controverted part is as follows: "Forty head of cattle, of different ages and sexes, most of them thoroughbreds, twenty head of Cotswold sheep." This property is described further as being on the mortgageor's farm in Pike county. The cattle involved in this suit are described as follows in the petition: "Sixteen head of thoroughbred, aged cattle." No sheep were levied on.

The testimony of John Stonebraker, introduced by the plaintiffs, is as follows: "At the time the mortgage was given, I had about forty-five or forty-six head of cattle on my farm of different ages and sizes." Is

the description of the cattle gived in the mortgage sufficient? It is "forty head of cattle, of different ages and sizes, most of them thoroughbreds." Had these been all the cattle on the farm, of mixed breeds, or had there been only "sixteen head of thoroughbred aged cattle" when the mortgage was given, the description would have been clear enough for identification. But what is there in this mortgage to identify or distinguish the forty head in the lot of forty-five or forty-six? The description applied to one of the cattle as well as the other. Were the sixteen head a part solely of the forty, or was any one of the sixteen a part of the excess over the forty? There can be no satisfactory answer to this question.

Where the recording of a mortgage, as under our statute, takes the place of actual delivery of the mortgaged property, the mortgage, to be effectual, must point out the subject matter of it "so that a third person by its aid, together with the aid of such inquiries as the instrument itself suggests, may identify the property covered." Jones Chat. Mort. 55. Shaw, C. J., in *Bullock v. Williams*, 16 Pick. 35, said: "It is to be understood that, the articles mortgaged must be of such nature and so situated as to be capable of being specifically designated and identified by written description. If they required to be weighed, measured, counted off, or otherwise separated from other and larger parcels or quantities, such requisites are not to be considered as dispensed with by registration."

It must be borne in mind that this is a controversy between the creditors and the mortgagee. The authorities hold, with marked unanimity, in such cases, that where there is a larger quantity of property of the same kind in the possession of the mortgageor than is embraced in the specification of the mortgage, and no particular description of the articles or property "otherwise than by their general class or number, nor any selection or delivery of the articles, nor any specification as to which are intended, out of a large lot of articles then on hand, such mortgage will

be ineffectual to pass any title to any particular property, or to any interest in the property on hand." Jones Chat. Mort. 56; *Fowler v. Hunt*, 48 Wis. 347; *Blakeley v. Patrick*, 67 N. C. 42; *Croswell v. Allis*, 25 Conn, 312. In *Richardson v. Alpena L. Co.*, 40 Mich. 203, the mortgage covered "one hundred feet of white pine saw-logs, now on the north branch of Thunder Bay River." At the time, the mortgageor had a much larger amount of such logs at the given point. The mortgage was held void for uncertainty. Marston, J., *arguendo*, said: "As well might we undertake to enforce a chattel mortgage given upon ten head of cattle in a drove or herd of fifty. To sustain such mortgage, would, I think, enable parties to commit gross frauds, and would also tend to prevent third parties from afterward purchasing or acquiring interest in the property, a part of which had been thus mortgaged, and thus tend to discourage trade."

In *Kelly v. Reid*, 57 Miss. 89, the mortgage was given on, "thirty head of cattle, six oxen, three horses, two mules, three wagons, fifty hogs, etc." George, C. J., *inter alia* said: "The mortgage must mention some fact or circumstance connected with the property which will serve to distinguish it from all other property of the same kind. This fact or circumstance must be stated in the mortgage itself; it cannot be proved by parol testimony without thereby adding to the mortgage a term not contained in it. The object of a mortgage is to create a lien on certain specific property, and not to give a right to the delivery of any property whatever of the particular kind mentioned in it. If the description in the instrument be so vague and uncertain as necessarily to apply equally to all property of that kind, then it is clear there can be no identification of it, without proving some fact or circumstance connected with the property, not referred to in the mortgage. When a precise number only is conveyed, and there is in fact a greater number, and no intention is manifested to include the whole, there would be a failure to identify the particu-

lar animals conveyed, and the deed is void for want of proper description."

In *Golden v. Cockril*, 1 Kans. 259, the mortgage was given on " one hundred and twenty-four head of mules " in the territory of Kansas. Creditors of the mortgageor seized nineteen head of these mules. Although it did not affirmatively appear that the mortgageor had any other mules in said locality the court said: " But he might have had a much larger number than he chose to include in the mortgage, and as there was nothing to distinguish those intended to be included in the mortgage from the rest, an indefinite amount of stock might, perhaps, have been shielded from the claims of creditors by the mortgage of a small part of them."

As to the cattle involved in this suit we must, therefore hold that the mortgage is inoperative, and the court erred in not giving the instruction to that effect requested by the defendant.

The judgment of the common pleas court is reversed, and the cause remanded for further appropriate proceeding in conformity with this opinion. All concur.