Porth v. Gilbert.

| | |
|---|---|
| 85 | 125 |
| 143 | 646 |
| 144 | 55 |

PORTH *et al., by Guardian,* v. GILBERT, *Appellant.*

1. **Practice in Supreme Court**: PRESUMPTION. In the absence of evidence in the record to the contrary, it will be presumed that the acts and rulings of the trial court were correct.

2. ——: ——: INSTRUCTIONS: NEW TRIAL. It is no ground for a new trial that the instructions given by the court had been lost after trial. Where the instructions are not contained in the record, it will be presumed that the action of the trial court in giving them was not erroneous.

*Appeal from Osage Circuit Court.*—HON. A. J. SEAY, Judge.

AFFIRMED.

*Hamilton & Fisher* and *N. C. Kouns* for appellant.

The verdict was not sustained by the evidence. It is well settled that plaintiffs must show title in themselves before they can question defendant's possession. "In ejectment plaintiff must stand on his own title. If he has none he cannot recover against party holding pos-

session." *Large v. Fisher*, 49 Mo. 307; *Foster et al. v. Evans*, 5 Mo. 39. It was error for plaintiffs' attorney to read to the jury the United States patent for the land in controversy, contrary to the rulings of the court. *State v. Lee*, 56 Mo. 165; *Ayler v. Thompson*, 1 Allen 453. If the same case that was tried below cannot be heard in the Supreme Court, because of the loss of papers, appellant is entitled to a reversal of the judgment.

*Edwin Silver* for respondents.

(1) Revised Statutes, section 2241, have no applicability to this case. Plaintiffs, having failed to recover on their paper title, could still do so "upon the ground of adverse possession for ten years, or upon proof of prior possession under claim of right." *Hunt v. Railroad Co.*, 77 Mo. 252, and cases cited. "There is no doubt that a pure possession alone will entitle a party to recover in ejectment where the plaintiff connects himself with that possession." *Matney v. Graham*, 59 Mo. 192. Where the bill of exceptions does not preserve the evidence, the court will not disturb the finding, on the ground that it is unsupported by the evidence. *Johnson v. Long*, 72 Mo. 210. (2) Appellant has failed to point out wherein respondents' attorney was guilty of misconduct in his argument to the jury. The trial court had all of the facts before it, and was the most competent tribunal to pass upon this question. When a party seeks the reversal of a judgment it is incumbent on him to show, not merely error of the trial court, but material or reversible error. R. S., sec. 3775; *Hoskinson v. Adkins*, 77 Mo. 537. (3) The cause should not be reversed because of the loss of the instructions. *Birney v. Sharp*, 78 Mo. 74.

DEARMOND, C.—This was an action of ejectment. The bill of exceptions recites that "the plaintiffs intro-

duced documentary evidence tending to prove the allegations of the petition, and the same being held by the court to be insufficient to establish a legal title, plaintiffs offered verbal evidence tending to prove possession, and defendant offered evidence tending to prove the allegations of the answer." Plaintiffs had the verdict and judgment, and defendant appealed. In a supplemental motion, supported by affidavits, a new trial was asked, because plaintiffs' counsel, in the absence of defendant's counsel, and during a temporary absence of the judge, read in his argument to the jury a certain deed, "in spite of the rulings of the court, both on instructions and evidence," and because the instructions given by the court had been lost and could not be copied into a bill of exceptions "if a new trial should be denied."

I. We cannot learn from the record whether or not plaintiffs' counsel went out of the record in his argument to the jury, as defendant asserted, nor can we form an opinion as to the probable or possible effects of the abuse, if any. With nothing upon which to rest a judgment of our own we must indulge the usual presumption and accept as correct the judgment of the trial court.

II. *Birney v. Sharp,* 78 Mo. 73, disposes of the other point in the case. There the instructions appear to have been lost after the motion for a new trial had been overruled; here the fact of their loss is urged as affording a reason for sustaining the motion. But the principle is the same ; the instructions are not in the record, and we, therefore, presume that as to them the action of the court below was not erroneous. *State v. Jefferson,* 77 Mo. 139. It would seem that in this case the loss might, with ease and propriety, have been supplied. But it was not, and the mere fact of the loss is no ground for a reversal of the judgment appealed from, which should be affirmed. All concur, except Henry, C. J., absent.