State v. Hodges.

.THE STATE v. HODGES, *Appellant.*

Division Two, May 17, 1898.

1. **Criminal Law**: EVIDENCE OF OTHER FORGERIES TO PROVE INTENT. Upon trial for knowingly uttering a forged check, where guilty knowledge is an ingredient of the offense charged, evidence that defendant had passed other forged checks in the same city a few days previous to passing the one for which he is being tried, is admissible for the purpose of showing the intent with which the act charged was done, where the evidence is limited to such intent.

2. ———: FORGERY: AUTHORITY TO SIGN CHECKS. Evidence that defendant had authority to sign her stepfather's name to notes is no evidence tending to show that she had authority, or reasonable grounds for believing she had authority, to sign his name to checks.

3. ———: PRACTICE: EVIDENCE: USE OF OPIUM. Upon a trial for falsely uttering a forged check, the answer of a witness that defendant was addicted to the use of opium, was excluded from the jury. Also the court refused to allow the witness, upon objection being made by the State, to answer a question whether defendant was not sometimes demented. *Held,* that as there was no offer upon the part of the defense to show that defendant was insane at the time of the alleged offense, it is impossible for the Supreme Court to determine, from the record, whether or not the evidence was material. *Held,* further, that under such circumstances the court will not reverse the judgment for the failure of the trial court to hear such evidence or for excluding the evidence tending to show that defendant was addicted to the use of opium. The defendant should have gone further and stated what she proposed to prove by such evidence, in order that the court might have determined whether or not it was material.

4. ———: INSTRUCTIONS: FAILURE TO COPY ALL IN THE RECORD. Where the instructions in a criminal case are not all copied into the record, the presumption will be indulged that they covered every phase of the case, and that the trial court proceeded correctly.

*Appeal from Greene County Criminal Court.*—HON. C. B. MCAFEE, Judge.

AFFIRMED.

*John Schmook, Jr.,* and *Francis M. Wolf* for appellant.

(1) Before such check was admissible for any purpose it devolved on the State to show that it was forged. 8 Am. and Eng. Ency. of Law, 531; *State v. Saunders,* 68 Iowa, 370; *State v. Roberts,* 33 Mo. App. 524. (2) Criminal intent—fraudulent purpose—is a necessary and essential constituent of the crime charged and must be conclusively established, and evidence tending to show that defendant was incapable of forming an evil design by reason of dementia or insanity, should have been admitted. (3) If defendant had reasonable grounds for believing that she had authority to sign Bauer's name to the check set out in the indictment, she was entitled to an acquittal. *Parmerlee v. People,* 8 Hun. (N. Y.) 623; *Montgomery v. State,* 12 Tex. App. 323; 8 Am. and Eng. Ency. of Law, 459, 460. (4) If she signed Bauer's name to the check in the honest belief that she had authority to do so this negatives intent to defraud. *Commonwealth v. Whitney,* Thach. C. C. (Mass.) 588; 8 Am. and Eng. Ency. of Law, note 2, p. 459.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for the State.

(1) The intent to defraud was properly charged and the instrument purported to be forged, fraudulently uttered or passed is properly described. McClain's Crim. Law, sec. 766; *State v. Crouch,* 28 Ga. 367.

(2) The point raised by defendant that the jury received papers and documents, to wit, checks and reputed orders and checks not authorized by law, and that evidence of defendant having passed other forged instruments about the time of the offense here charged should not have gone to the jury, is without support in law. Such evidence was admissible for the purpose of showing the fraudulent intent in the case now being considered.   The evidence discloses that the fraudulent check previously uttered was attempted to be passed by defendant about one week prior to the commission of the offense upon which she was convicted; hence, no exceptions can be taken in that regard.   Greenl. on Ev., sec. 53; 2 McClain's Crim. Law, sec. 808; *Brown v. State*, 26 Ohio St. 181; *State v. Shiedley*, 23 Ohio St. 142; *People v. Coleman*, 58 N. Y. 559; *State v. Sarony*, 95 Mo. 349; *State v. Bayne*, 88 Mo. 41; *State v. Turley*, 44 S. W. Rep. 267.   (3) All of the instructions are not embodied in the bill of exceptions.   It is, therefore, a matter of impossibility for this court to pass upon the sufficiency or insufficiency of those set out in the bill.

BURGESS, J.—From a conviction in the criminal court of Greene county of knowingly uttering a forged instrument and the fixing of her punishment at two years imprisonment in the State penitentiary defendant appealed.

At the time of the commission of the alleged offense the defendant lived with her stepfather, Herman Bauer, in the city of Springfield, Missouri.   On the last day of February, 1897, she engaged a horse and buggy from the Pickwick Livery and Transfer Company in Springfield, which was delivered to her by one Merrell Skinner, who was at that time in the employ of the livery company.   In payment for the hire of the horse

and buggy defendant asked a gentleman who was with her to give her a check, which he did. She in turn handed it to Skinner. Skinner asked the gentleman to sign his name to the check, as it had no name on the back of it, but defendant took it and said she would sign it. She then signed Bauer's name to the check in the presence of Skinner. The check purported to be drawn upon the Springfield Savings bank and to be signed by defendant's stepfather, H. R. Bauer. Upon being presented to the bank for payment it was refused. Bauer testified that he did not sign the check and had given no one authority to sign it for him. Other facts connected with the case will be hereafter stated, should it be deemed necessary.

During the trial the State was permitted to introduce in evidence, over the objection and exception of defendant, another check other than the one described in the indictment, which the evidence tended to show was a forgery, and to show that defendant had a few days previous to the last day of February, 1897, in the same city, uttered it, knowing it to be a forgery. It is insisted by defendant that this evidence was improperly admitted, because it tended to show that defendant was guilty of another separate and distinct offense. Such evidence is not permissible for the purpose of proving the commission of other and distinct crimes by the defendant than that for which he is upon trial, but when, as in this case, guilty knowledge is an ingredient of the offense charged, it is admissible for the purpose of showing the intent with which the act was done. *State v. Myers*, 82 Mo. 558, was a prosecution for obtaining property by means of a trick and fraud, and acts of the defendant similar to the one for which he was being tried, committed on the same day and in the same town, were admitted in evidence against him for the purpose of showing the intent with which the act

was done.   In *State v. Bayne*, 88 Mo. 604, it was held that acts of the defendant similar to the one for which he was being tried, committed *near the same time* and in the same city, were admissible against him for a like purpose.    The same rule was announced in *State v. Cooper*, 85 Mo. 256; *State v. Sarony*, 95 Mo. 349; *State v. Balch*, 136 Mo. 103, and in *State v. Turley*, 142 Mo. 403.    This evidence was restricted by the court when admitted, and also by an instruction to the intent of the defendant at the time she was alleged to have uttered the check described in the indictment, and for that purpose it was clearly admissible.

There was no evidence tending to show that defendant had, or that she had reasonable grounds for believing that she had, authority to sign Bauer's name to the check described in the indictment.    Upon the contrary while he testified that she was authorized to sign his name to notes he stated emphatically that she had no authority to sign his name to checks.

Defendant upon the cross-examination of the witness Bauer asked him if the defendant "was not addicted to the use of opium," to which he replied, "she is."    The court then excluded the answer from the consideration of the jury.    He was also asked by counsel for defendant if she was not sometimes demented; and, if he had not observed her conduct ever since she was ten or twelve years of age in reference to sanity, and upon objection being made by the State, the witness was not permitted to answer, and these rulings are assigned for error.    There was no offer upon the part of the defense to show that defendant was insane, or demented at the time of the commission of the alleged offense, so that it is impossible for this court to determine from the record whether the evidence was material or not, and under such circumstances it will not reverse the judgment for the refusal of the trial court to hear

such evidence, or for excluding the evidence tending to show that defendant was addicted to the use of opium. *Bank v. Aull*, 80 Mo. 199; *State v. Martin*, 124 Mo. 514; *Oviatt v. State*, 19 Ohio St. 573. The defendant should have gone further and stated what she proposed to prove, so that the court could determine whether or not it was material. *Jackson v. Hardin*, 83 Mo. 187.

The instructions are not all copied into the record, and under such circumstances the presumption must be indulged that they covered every phase of the case, and that the trial court proceeded correctly. *Greenabaum v. Millsaps*, 77 Mo. 474; *Evans-Buell Co. v. Turner*, 143 Mo. 638; *Porth v. Gilbert*, 85 Mo. 125. In *Birney v. Sharp*, 78 Mo. 73, it is said: "It is manifestly impossible, in the absence of the instructions given for the plaintiff, for the court to determine whether they were right or wrong. In such cases all the presumptions are in favor of the correctness of the ruling of the trial court. In their absence and without knowing what points have been ruled and how, it is equally impossible to determine whether it was error in the court to refuse the instructions asked by defendant. They may, from aught that appears, have covered the same ground, and been embraced in those already given for the plaintiff, and refused for that reason. Without the entire record before us, we can not say that the court erred in this particular. In such cases, also, the presumptions are in favor of the propriety of the action of the lower court." But the instructions that were given and copied into the record with respect to the inference of guilt to be drawn from the recent possession of a forged instrument when unexplained by the person in whose possession found, are in accord with repeated rulings of this court. *State v. Yerger*, 86 Mo. 33; *State v. Haws*, 98 Mo. 188; *State v. Rucker*, 93 Mo. 88.

Finding no reversible error in the record we affirm the judgment. GANTT, P. J., and SHERWOOD, J., concur.

