THE STATE v. HENDY, Appellant.

Division Two, February 21, 1899.

1. **Criminal Law**: IDENTIFICATION: APPELLATE PRACTICE. Where there is evidence, in a trial for robbery in first degree, which tends to identify a defendant as one of the robbers, the weight of such evidence is for the jury. And when the jury has found that the identification is sufficient, the Supreme Court will not interfere upon the ground that the evidence was not sufficient to identify defendant.

2. **Appellate Practice**: BILL OF EXCEPTIONS: FAILURE TO GIVE ALL INSTRUCTIONS. Where one instruction, given in a criminal case, is copied in the bill of exceptions but all other instructions that were given are omitted, the Supreme Court will not, in the absence of the entire record, pass upon the giving of this one instruction.

*Appeal from St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

O. J. and R. LEE MUDD for appellant.

(1)   The identification of the defendant by the prose-
cuting witnesses being imperfect, and some six or more wit-
nesses discrediting the dubious identification and absolutely
without contradiction or conflict towards each other, and they
being of apparently substantial standing, and no impeach-
ment of any of them, the court should have set the verdict
aside.    Dains v. State, 2 Humphrey, 439; 1 Bishop's Crim.
Proc. (4 Ed.), sec. 1272; Garrett v. Greenway, 92 Mo. 125;
Spohn v. Railroad, 87 Mo. 84; Whitsett v. Ransom, 99 Mo.
260; State v. Vansant, 80 Mo. 72.    (2)   To constitute a
basis for such an instruction, on the hypothesis of false
swearing, the inconsistency of evidence must evolve repre-
sentations necessarily contradictory, a "direct conflict," such
as to predicate somebody's testimony to be not only false,
but necessarily and "willfully" so.    This instruction can not
be given generally, merely because of contradictory evidence.
Batterson v. Vogel, 10 Mo. App. 239; White v. Maxcy, 64
Mo. 559; Bank v. Murdock, 62 Mo. 74.

EDWARD C. CROW, Attorney-General, and SAM B. JEF-
FRIES, Assistant Attorney-General, for the State.

(1)   It is the accepted doctrine of this court that where,
the evidence is conflicting as to the guilt or innocence of the
defendant, the verdict of the jury will not be disturbed,
unless some bias or prejudice on its part be shown.   (2)   In
his bill of exceptions the defendant has seen proper to only
set out instruction numbered 6, given on the part of the
State, all other instructions being eliminated therefrom. In
support of his contention that this instruction was improp-
erly given the defendant refers to the case of White v.
Maxcy, 64 Mo. 559.    An examination of this case shows
that the court is inclined to throw the responsibility of giv-
ing instructions of this character on the lower court.    The

evidence in this case discloses a contradiction upon the part of the witnesses, some testifying to a certain state of facts and others testifying directly opposite. The trial judge was in a position to judge as to the conduct and general appearance of the witnesses upon the stand, and it is a matter which should be solely confined to him in passing upon the question as to whether or not the instruction should be given. Indeed, the court is required to instruct upon all questions of law arising out of the testimony and in view of the contradictory features of the evidence in this case, should the court have failed to so instruct the jury, the defendant would have alleged failure to instruct in that regard and asked that the judgment be, for that reason, reversed. It was an instruction to which he was entitled and which was properly given by the court.

BURGESS, J.—Defendant and one James Drummond were jointly indicted in the circuit court of St. Louis county for robbery in the first degree. He was afterwards awarded a separate trial, and was on the twentieth day of April, 1898, put upon his trial in said court, convicted of the offense with which he was charged and his punishment fixed at five years imprisonment in the penitentiary.

He appeals.

The robbery was committed between five o'clock and sundown on the evening of September 26, 1897, the victim being Mrs. Rose Pavelec. On that evening she, her husband, father and two other persons went to a place called Horn's Grove, in St. Louis county, a short distance outside of the city limits of the city of St. Louis, where they remained a short time, and about the time they were ready to start home the defendant and Drummond came upon them with revolvers in their hands, presented one of them to the head of Mrs. Pavelec, threatened to shoot her, and at the same time took from the bosom of her dress against her will her purse containing $5.50.

The defendant was afterwards identified by her, arrested and convicted.

This first point raised upon this appeal is with respect to the identification of the defendant as one of the persons who committed the robbery, defendant's contention being that the evidence was not sufficient for that purpose. We can not however concur in this view. There was at least some evidence tending strongly to show that defendant was one of the robbers, and its weight was for the consideration of the jury. They found that the identification was sufficient, and their verdict will not be interfered with by this court upon that ground.

The sixth instruction given by the court to the effect that the jury might disregard the testimony of any witness who, in their opinion, had willfully sworn falsely to any material fact, is criticised upon the ground of the want of some fact or facts upon which to predicate it. This instruction is copied into the bill of exceptions, and made part of the record, but all other instructions that were given are omitted therefrom, and without the entire record before us, we can not say that the court committed error in giving this instruction. [Greenabaum v. Millsaps, 77 Mo. 474; Birney v. Sharp, 78 Mo. 73; Evans-Snyder Buell Co. v. Turner, 143 Mo. 638.] Moreover, the evidence was we think sufficiently contradictory to justify the instruction.

Finding no reversible error in the record, we affirm the judgment. GANTT, P. J., and SHERWOOD, J., concur.