## THE STATE v. FOISTER, Appellant.

**Division Two, March 5, 1907.**

1. **EVIDENCE: Excluded: No Offer of Proof.** Where evidence offered by defendant is excluded and he merely saves his objections and makes no offer of proof or statement of what he expects to prove, the exclusion of the evidence is not before the appellate court for review.

2. **INSTRUCTIONS: On All the Law: Objection.** An objection to the failure of the court to instruct on all the law of the case is not an objection to the instructions given but only to the failure to instruct on other matters not covered by the instructions.

3. **FELONIOUS ASSAULT: Sufficiency of Evidence.** Evidence held sufficient to justify a verdict of guilty of felonious assault.

Appeal from Stone Circuit Court.—*Hon. John T. Moore*, Judge.

AFFIRMED.

*Herbert S. Hadley*, Attorney-General, and *N. T. Gentry*, Assistant Attorney-General, for the State.

(1) All of the defendant's evidence was admitted, except in one or two instances, where the State's objections to defendant's questions were sustained. Without making any offer of proof, or stating what he expected to prove, defendant simply saved his exceptions. State v. Hodges, 144 Mo. 50; State v. Martin, 124 Mo. 514. (2) The State's instructions were full and fair, and properly declared the law in the case; but it is insisted that the defendant is in no position to complain of them, as he made no objections and saved no exceptions to them at the time they were given. State v. Eaton, 191 Mo. 157; State v. King, 194 Mo. 474; State v. Reed, 89 Mo. 171; State v. Morgan, 95 S. W.

402. (3) There being not only substantial evidence, but strong evidence of defendant's guilt, this court will not attempt to weigh the evidence, nor pass upon the credibilty of the witness. State v. Smith, 190 Mo. 706; State v. Payne, 194 Mo. 442; State v. Groves, 194 Mo. 452; State v. Williams, 186 Mo. 128; State v. Williams, 149 Mo. 496; State v. Swisher, 186 Mo. 8.

GANTT, J.—On the 30th of July, 1905, the prosecuting attorney of Stone county filed an information, duly verified, wherein he charged the defendant Ike Foister and Sid Foister with having, on said date, feloniously, on purpose and of their malice aforethought, made an assault upon one George Clines, and on purpose and of their malice aforethought, assaulted, beat and wounded the said Clines with a rock which was then and there a dangerous and deadly weapon likely to produce death and great bodily harm, against the peace and dignity of the State.

At the October term, 1905, defendant was tried and convicted and his punishment assessed at two years in the penitentiary. The record shows that the defendant was duly arraigned and no irregularity appears in the record proper. The State's evidence tended to prove that on the date of the alleged assault, George Clines lived in the town of Bradfield, in Stone county, and was conducting a blacksmith shop in said town; that during that day Sid Foister went to the blacksmith shop of Clines to see him in regard to mending a buggy, and appeared to be friendly. A short time afterwards, the rural mail wagon drove up and Clines went out to get his newspaper. Thereupon, the defendant walked up and asked Clines if their chickens had been bothering him any more, to which Clines replied that they had not. Sid Foister then came up and said, "We understand that you have been killing our mother's chickens." Clines denied the charge, and the defendant immediately said, "We are going to give you a

whipping.'' Defendant then struck Clines on the head with a rock and Sid struck at him, but the blow was warded off. Defendant, still holding the rock in his hand, struck Clines two or three more licks, each time on the head. Sid thereupon threw a rock and struck Clines on the shoulder, knocking him down. The wounds on Clines' head were quite severe, and kept him confined to his room about two weeks. The physician testified that the large wound was a very serious one.

The evidence on the part of the defendant tended to show that the prosecuting witness had the reputation of being a little overbearing and fussy. The evidence tended further to show that Sid Foister accused Clines of killing his mother's chickens and Clines admitted doing so. That defendant then knocked Clines down with his fist and that Clines got up with a rock in his hand when Sid threw and hit him with a rock.

The defendant is not represented in this court by counsel and hence we have been compelled to look to the motion for new trial and in arrest of judgment. No error is assigned in the motion for new trial on account of the admission of illegal evidence and only in one or two instances was any of the defendant's evidence excluded, and the rejection of that testimony is not before us for review for the reason that defendant when the evidence was excluded made no offer of proof and made no statement as to what he expected to prove, but simply saved his objections. [State v. Martin, 124 Mo. 514; State v. Hodges, 144 Mo. 50.] The only objection made by the defendant to the instructions was that the court had failed to instruct upon all the law of the case, and we have on different occasions ruled that this was not an objection to the instructions given, but simply to the failure to instruct on other matters not covered by the instructions. We have examined the instructions, however, and they fully cover all the

propositions of law raised by the evidence. The issue was one of fact, and if the jury believed the State's testimony, as they evidently did, the defendant was guilty of a brutal and unprovoked assault upon Clines. As the jury were properly instructed and there was no error in the admission or rejection of testimony, at least none which is before us for review, and as there was substantial evidence upon which to base their verdict, the judgment of the circuit court must be and is affirmed.

*Fox, P, J.,* and *Burgess, J.,* concur.