State v. Rowland, 22 N. M. 613.

---

[No. 1966. July 30, 1917.]
STATE v. ROWLAND.

SYLLABUS BY THE COURT.
An appellate court will not consider assignments of error based on the giving or refusal of instructions, where the record fails to show that all the instructions are embraced in the transcript.

Appeal from District Court, Grant County; Neblett, Judge.

Eugene Rowland was convicted of assault with intent to kill with a deadly weapon, and he appeals. **Affirmed.**

Terrell & Black, of Silver City, for appellant. H. S. Bowman, Asst. Atty. Gen., for the state.

OPINION OF THE COURT.

ROBERTS, J.  Appellant, upon trial, was found guilty
by a jury of assault with intent to kill with a deadly wea-
pon.  Judgment was pronounced by the court upon the
verdict, sentencing him to a term in the penitentiary.
From this judgment he appeals, and seeks a reversal upon
an alleged error committed by the court in modifying a re-
quested instruction.

The transcript of record contains no instruction given
by the court, save the one of which he complains, and the
state contends that this instruction cannot properly be con-
sidered by the Supreme Court, because of his failure to in-
corporate in the bill of exceptions and bring up in the rec-
ord the remaining instructions given by the court.  The
Attorney General is correct, because the court, in the state
of the record, is unable to determine whether or not there
was any error committed in the giving of the portion of the
instruction complained of; for, if it be assumed that the
modification was not a correct statement of the law, stand-
ing alone, other instructions given by the court may have
cured the error, or have rendered it harmless.  An appel-
late court will not consider assignments of error based on
the giving or refusal of instructions, where the record fails
to show that all the instructions are embraced in the trans-
cript.  In 4 C. J. p. 546, it is said:

"It is further essential to a review of an assignment of
error, based on the giving or refusal of an instruction, that
all the instructions given be included in the record, unless the
instruction complained of is so erroneous that it could not
have been cured by another proper instruction."

And on page 547 (4 C. J. 547) it is said:

"In most jurisdictions where the question has been decided
it has been held that alleged errors in the giving or refusal
of instructions are not reviewable, unless the record affirma-
tively shows that it embraces all the instructions given."

Many authorities are cited under both statements of the
law fully sustaining the text.  See, also, Humpeler v. Peo-
ple, 92 Ill. 400; State v. Hendy, 148 Mo. 300, 49 S. W.

988; Barton v. State, 154 Ind. 670, 57 N. E. 515; Knickerbocker Ice Co. v. Gray, 165 Ind. 140, 72 N. E. 869, 6 Ann. Cas. 607.

For the reason stated, the judgment will be affirmed; and it is so ordered.

HANNA, C. J., and PARKER, J., concur.