ANDREW L. T. JONES *vs.* GEORGE W. PARKER.

Cumberland.    Opinion March 9, 1882.

*Chattel mortgage — recording of.    Evidence.    R. S., c. 91, § 2.*

It is competent in an action of trover, brought by the mortgagee of personal property against an attaching officer, to show that the plaintiff's mortgage was withdrawn by him from the clerk's office, where it should be recorded, after delivery and before it was recorded.

The entry of the date of receiving the mortgage for record made upon the back of the mortgage and in a book kept for that purpose by the town or city clerk, does not show the date of the record, except by inference, and that inference may be overcome by evidence showing the contrary.

The proper construction of the words "it shall be considered as recorded when received," in R. S., c. 91, § 2, is that it shall be so considered while the mortgage remains on file. If it is withdrawn by the mortgagee, or by his order, before it is recorded, it is withdrawn from the record, and the entry is of no avail.

ON agreed statement of facts from superior court.

Trover to recover the value of certain personal property, brought by the mortgagee of the same, against an attaching officer.

Plea, general issue, with a brief statement.

The opinion states the material facts.

The following are the entries made by the city clerk at the time of receiving the mortgage for record ; upon the back of the mortgage in the following words and figures :

"————ss. Received March 7th, 1881, at 11 h. A. M. and recorded in book 25, page

Attest : H. I. Robinson, City Clerk."

And in a book kept in his office, entitled "Records of entry, City of Portland," in the following words :

"1881, March 7, 11 h. A. M. William H. Taylor to Andrew L. T. Jones."

*P. J. Larrabee,* for the plaintiff.

The record made by the city clerk in his entry book, and his certificate upon the back of the mortgage are conclusive and cannot be contradicted by parol evidence. *Crommett* v. *Pearson,* 18 Maine, 344; *Tracy* v. *Jenks,* 15 Pick. 465; *Ames* v. *Phelps,* 18 Pick. 314; *Adams* v. *Pratt,* 109 Mass. 59; *Fuller* v. *Cunningham,* 105 Mass. 442; *Stevens* v. *Whittier,* 43 Maine, 376; *Heard* v. *Goodwin,* 37 Maine, 181.

And they met the requirements of the statutes as to noting the time of receiving the mortgage, and the mortgage must be considered as recorded from that date. R. S., c. 91, § 2.

*Bradbury and McQuillan,* for the defendant, cited : *Sawyer* v. *Pennell,* 19 Maine, 167; *Handley* v. *Howe,* 22 Maine, 560; *Holmes* v. *Sprowl,* 31 Maine, 75; Jones, Chattel Mortgages, §§ 264, 276; *Stedman* v. *Perkins,* 42 Maine, 130; *Morrill* v. *Sanford,* 49 Maine, 566; *Bither* v. *Buswell,* 51 Maine, 601; *Platt* v. *Steward,* 13 Blatch, 481; S. C. 101 U. S. 731; 10 Mich. 500; 23 Wis. 532.

DANFORTH, J. This action is submitted upon an agreed statement of facts, and involves the title to certain personal property ; the plaintiff claiming under a mortgage, and the defendant under an attachment. The mortgage is prior in date, and no objection is made to its validity, except the want of a seasonable record. That it was seasonably delivered to the clerk, and that he correctly entered upon it the time of its reception, and also made a similar entry with the names of the parties in a book entitled, "Records

of entry, City of Portland," is agreed. It was not then recorded, and no entry was made at that time in the book where it was subsequently recorded.

The entry in the "Records of entry," does not seem to be required by the statute, R. S., c. 91, § 2, and without the mortgage gives no information which is expected to be derived from the records, and in fact adds nothing to what is derived from the entry upon the mortgage itself. It is convenient to enable an interested party the more readily to ascertain whether there is a mortgage such as he is looking for on file ; but can serve no other purpose. The entry of the time received in the book where it is recorded, is required by law but need not, perhaps cannot, be made until it is actually recorded. The language of the law is, "the clerk . . . shall record all such mortgages delivered to him, in a book kept for that purpose, noting therein, and on the mortgage, the time when it was received; and it shall be considered as recorded when received." The noting on the mortgage should, to prevent mistakes, undoubtedly be made at the time of the delivery. It was so made in this case, and the counsel claims that such an entry, together with the one subsequently made in the record book, is conclusive proof that it was so received and recorded. If that is so, it gives a title prior to the defendant's attachment, and the plaintiff must recover. But though we should concede that the entry may be conclusive proof of the time when the mortgage was received, though of this we give no opinion, it does not follow that it is conclusive, or any proof of the time it is actually recorded. The law does not require any entry of the date of the record. In this respect the clerk's duty is performed when he notes upon the mortgage, and in the book of records, "the time when it was received." Whatsoever is done more than this in respect to this entry, is not done under an official sanction. Hence in this case we find no proof of the time of its actual record. There is an entry upon the mortgage of the time when it was received, and the additional fact that it was recorded and the place where recorded. As to the time of record there is no date. If that were material, and especially if a part of the official duty of the clerk, as there is but one date, we

should infer, as contended by counsel, that such date applies to both transactions. But that would be but an inference which could be rebutted by oral or other evidence without contradicting the record. It would only be supplying an omission which is not required to make a complete record. Besides, the statute evidently contemplates that the record will not at once follow the delivery, else there would be no occasion for the provision, "it shall be considered as recorded, when received." We may then properly, and without contradicting any record or statement even of the clerk, admit the facts showing when the record was made, and by so doing, we find there was a space of time between the delivery and the actual record.

Still we are met with the provision of the statute, that "it shall be considered as recorded, when received." This undoubtedly means, that after the delivery and entry, the effect shall be the same as if actually spread upon the records. This, however, must have a reasonable construction. It must be understood as consistent with the purpose of the law, which is to give notice to all persons interested, not only of the existence of a mortgage, but of its contents. Hence we must understand that this provision applies only when the mortgage is left with the clerk until recorded. Otherwise that part of the statute which requires a record, might, with entire safety be disregarded, and the purpose of the law be entirely defeated. The agreed statement shows that this mortgage was not so left, but was taken away by the plaintiff himself, and while away, the creditor's attorney as well as the defendant, made the proper examination of the records and inquiries of the clerk, and finding no mortgage on file, or on record, made the attachment.

But again it is said this is not admissible evidence because it contradicts the records. But there is no record or entry that shows the mortgage to have been on file at the time when it was looked for. As before, in the absence of proof, we might so infer. In this respect there is an omission. The date of the first delivery is undoubtedly correct. But when returned, no date is given, and that is the delivery under which it was recorded. What the effect might have been if taken by any other person than the

mortgagee or by his authority, we do not now decide. In this case it was taken by the mortgagee. It was his right to do so. If the clerk had been present, it was no part of his duty to prevent it. He had no occasion even to inquire into his motive, but might, without any fault on his part presume that it was a withdrawal from the record, as it really was. That the mortgagee supposed it to have been recorded, is not material. The defendant or the creditor had nothing to do with bringing about that mistake, and therefore should not suffer for it. Thus we are led to the conclusion that at the time of the attachment, the mortgage was not recorded; nor under the law could "be considered as recorded." *Boynton* v. *Grant*, 52 Maine, 228.

*Plaintiff nonsuit.*

APPLETON, C. J., WALTON, BARROWS, VIRGIN and SYMONDS, JJ., concurred.