Dawson v. Cross.

---

# GEORGE W. DAWSON et al., Respondents, v. PROSS T. CROSS, Appellant.

### Kansas City Court of Appeals, April 1, 1901.

1. **Chattel Mortgages:** SUFFICIENCY OF DESCRIPTION.  Where there is a larger quantity of the same kind of property in the mortgagor's possession than is embraced in the description in the mortgage and the mortgaged articles are not otherwise described than by their class or number, the description is insufficient; the description of certain hogs attempted to be mortgaged is held deficient.

2. ———: FILING FOR RECORD: WITHDRAWAL: NOTICE: STATUTE.  Where a chattel mortgage is filed and before being spread upon the record is withdrawn by the mortgagee, the date of filing for the purpose of giving notice will be the day of its return, since the statute does not require the indexing of the filing of chattel mortgages as it does conveyances affecting real estate.  Cases considered.

Dawson v. Cross.

3. ———: DESCRIPTION: POSSESSION: RECORD. Where a mort-
gagee takes possession of the mortgaged property his title will be
good, notwithstanding, an insufficient description and the failure
to record.

4. ———: FILING: RECORDER'S CERTIFICATE: EVIDENCE:
WITHDRAWAL AND RETURN: NOTICE. The recorder's certifi-
cate is conclusive as to the time a mortgage is left with him for
record but where it is withdrawn before being spread upon the
record and the date of its return is not indorsed thereon, parol evi-
dence of such withdrawal and the date of the return is admissible
and such returned mortgage will only give notice from the date
of its being spread on the record.

Appeal from Clinton Circuit Court.—*Hon. Alonzo D. Burnes,*
Judge.

REVERSED AND REMANDED.

*John A. Cross & Sons* for appellant.

(1) The first instruction given by the court for the plain-
tiffs and excepted to by defendant, is erroneous because it as-
sumes that the mortgage to plaintiffs sufficiently describes the
hogs therein, and wholly ignores the evidence and the issue
concerning the identity of the mortgaged property; and it, in
effect, told the jury to disregard it. Bank v. Metcalf, 29 Mo.
App. 384; Hoffman v. Parry, 23 Mo. App. 20; Stonebraker
v. Ford, 81 Mo. 532; Chandler v. West, 37 Mo. App. 631;
Jones on Chattel Mortg. sec. 56. The mortgage was, there-
fore, void as to third parties. Jennings v. Sparkman, 39 Mo.
App. 663; Hughs v. Menefee, 29 Mo. App. 204; Cobbey on
Chat. Mortg., sec. 182. Instructions 3 and 4 asked for by
defendant and refused by the court, should have been given.
Authorities last cited. Bank v. Metcalf, supra. (2) The with-
drawal of the plaintiffs' mortgage from the recorder's office, by

the plaintiffs, before it was spread upon the records, though the receipt of the instrument had been noted thereon, made the record incomplete and of no avail. Jones v. Parker, 73 Me. 248; Bowen v. Fassett, 37 Ark. 507; Sternberger v. McSween, 14 S. C. 36; Yerger v. Barz, 56 Iowa 77; Jones on Chat. Mortg., sec. 268; Boon on Mortg. sec. 247; Gorham v. Summers, 25 Minn. 81; Merrick v. Wallace, 19 Ill. 486; Harlow v. Birger, 30 Ill. 425. The plaintiffs had no right, on default of payment, to take the mortgage from the files of the recorder's office for the purpose of bringing suit or for foreclosure of the mortgage. Ward v. Watson, 24 Neb. 39; Cobbey on Chat. Mortg, sec. 582; Bank v. Cheeny, 86 Ill. 602; Jones on Chat. Mortg., secs. 268, 274; Terrell v. Andrew Co., 44 Mo. 309; Jones v. Parker, 73 Me. 248; Boon on Mortg., sec. 62. Plaintiffs' mortgage in this case was taken for the sole purpose of securing a pre-existing indebtedness, without any other consideration whatever, and, hence, they are not innocent purchasers for a valuable consideration; nor are they bona fide mortgagees, or mortgagees in good faith. Dry Goods Co. v. Jacobs, 66 Mo. App. 362; Strauss, Pritz Co. v. Hirsch & Co., 63 Mo. App. 95; Boon on Mortg. sec. 62. (3) Defendant, by taking actual possession of the property under his mortgage, before the rights of third parties had intervened, made good all defects that might have existed as to the description, and made recording unnecessary. Bank v. Powers, 134 Mo. 446; Dobyns v. Meyer, 95 Mo. 132; Boon on Mortg. sec. 76, 252; Jones on Chat. Mortg. sec. 246; Ely v. Scofield, 35 Barb. 330; Bank v. Benton, 46 Cal. 603.

*James A. Gordon* for respondent.

(1) The plaintiff's mortgage was filed for record in the recorder's office October 12, 1898, at 3:40 p. m. It, at that time, became a part of the records of the office and imparted

notice to all parties, and any temporary withdrawal of same could not suspend or vitiate such constructive notice after it had begun. "A chattel mortgage is to all intents and purposes recorded from the time it is deposited with the proper officer for record and thereafter imparts notice. That it should actually be spread upon the record is not essential." Miller v. Whitson, 40 Mo. 97; Jordon v. Farnsworth, 15 Gray (Mass.) 517; Craig v. Dimmock, 47 Ill. 308; Chandler v. Scott, 127 Ind. 226; 5 Am. and Eng. Ency. of Law (2 Ed.), 1013; Chandler v. Scott, supra; Fairbanks v. Davis, 50 Ver. 251; 3 Am. and Eng. Ency. of Law, 193, 194; Iron Works v. Chinn, 38 S. W. Rep. 247; '97 Am. Digest, 873. (2) Where, in an action for the possession of personal property, the plaintiff makes proof of a chattel mortgage to him, valid on its face, the record of the mortgage and the maturity of the debt the mortgage was given to secure, he makes out a prima facie case. Bank v. Wood, 27 S. W. Rep. 554; 124 Mo. 72; Bank v. Bank, 50 Mo. App. 92; Bank v. Bank, 65 N. W. Rep. 604; 5 Am. and Eng. Ency. of Law (2 Ed.), 964.

SMITH, P. J.—The controversy is between two mortgagees. The plaintiffs claim that they are entitled to the possession under a certain mortgage given by the mortgagor to secure the payment of specified indebtedness. The defendant contends that the description of the property, as set forth in this mortgage, is void for uncertainty, it reading: "Sixty-two head of stock hogs average weight about one hundred pounds. Said stock now being fed on farm nine miles northeast of Lathrop, Mo."

It may be well doubted whether or not the description in the mortgage is prima facie sufficient to locate and identify the sixty-two head of hogs in controversy; but assuming that it is, still if we are to credit the evidence of the defendant's

witnesses, then we must conclude that such description is so vague and uncertain as to render the instrument void. It is further disclosed by this evidence that the mortgagor at the time of the execution of the mortgage to plaintiffs had on his farm sixty-four head of hogs, sixty-three of which belonged to the mortgagor and one to his son, all of said animals being about six months old and all running in one drove. And that there were no two or three of the sixty-three but what there were others running in the same drove just like them. The mortgagor testified that at the time he gave the mortgage on the sixty-two head of the sixty-four, he had not then selected his hog out of the drove but intended afterwards to do so.

Now, under these conditions, how could the plaintiffs point out and lay claim, as against defendant, who was in possession under his mortgage, to any sixty-two of the sixty-three hogs as being covered by their mortgage; or, how could they tell which one of the sixty-three was not covered by it? Suppose the mortgage by the same description had called for one hog instead of sixty-two and the plaintiffs as mortgagees were claiming that hog in an action like this, how could their hog be distingushed from the other sixty-two? Certainly, there would be nothing by which such a hog could be identified.

It is well settled by the authorities that in cases where there is a larger quantity of property of the same kind in possession of the mortgagor than is embraced in the description of the mortgage, and no particular description of the articles or property otherwise than by their class or number, nor any selection or delivery, nor any specification as to which are intended out of the larger lot of articles then on hand, such mortgage will be ineffectual to pass title to any particular property or to any interest in the property on hand. Stonebraker v. Ford, 81 Mo. 532; Bank v. Metcalf, 29 Mo. App. 384; Chandler v. West, 37 Mo. App. 631. And we can not

see on principle that it would make any difference whether the mortgage had been given on one hog in the drove of sixty-three or on sixty-two of the sixty-three, for in either case there would be nothing in the mortgage by which the identity of either could be established.

The plaintiff mortgagee might with propriety claim any sixty-two of the drove or the defendant mortgagee might with equal propriety claim any one of the drove. Accordingly, we think, if the evidence of the defendant's witnesses is to be believed, that the mortgage of the plaintiffs on account of the description therein is so vague and uncertain as to render it one ineffectual to pass the title to any particular hog or number of hogs of the drove which the mortgagor had on his farm at the time of the execution of the mortgage. It follows from this that the defendant's refused instruction numbered three should have been given.

II. The evidence tends to show that the plaintiffs' mortgage was filed with the recorder and the date thereof indorsed thereon by that officer. Fifteen days thereafter the plaintiffs withdrew their mortgage from the recorder's office. It had not yet been recorded. It was in the possession of plaintiffs and consequently out of possession of the recorder for one day when it was returned. While the mortgage of the plaintiffs was so out the mortgagor gave the defendant a second mortgage and placed him in possession. The mortgagee intended to convey the same property that he had conveyed by the mortgage to the plaintiffs.

It appears that, while the mortgagor was still in the possession of the hogs which he had intended to convey to plaintiffs by his mortgage, the sheriff levied an execution on all the property the mortgagor had. The sheriff having heard that the plaintiffs had or claimed some kind of a lien on the hogs in dispute, went to the recorder's office and there made a search for

such incumbrance and finding nothing returned and advised the mortgagor to give Mr. Cross, attorney for the plaintiff in the execution, a mortgage on the sixty-two head of hogs to secure the payment of the amount of the execution, which was done accordingly. The execution levy was released and the defendant placed in possession under his mortgage. The next day this suit was brought by plaintiff.

The question now is, what effect, if any, did the withdrawal by the plaintiffs of their mortgage from the files of the recorder's office, before it was spread upon the record, have upon their rights under it? A chattel mortgage until recorded is void except as between the parties thereto. R. S. 1899, sec. 3404; Bank v. Powers, 134 Mo. 432. The statute provides that every instrument certified and recorded in the manner prescribed shall, from the time of filing the same with the recorder for record, impart notice to all persons of the contents thereof, and all subsequent purchasers and mortgagees shall be deemed in law and equity to purchase with notice. Terrell v. Andrew County, 44 Mo. 309.

Where a mortgage has been filed and recorded, but between the date of the filing and that on which it is recorded it is withdrawn from the recorder's office by the mortgagee, it ought not to impart any notice to subsequent mortgagees during the time it is so withdrawn. During the time the mortgage was out in the hands of the plaintiffs there was nothing in the recorder's office showing that it had been filed by that officer for record. The statute does not require that the recorder index the filing of chattel mortgages as it does conveyances affecting the title to real estate. The recording statute, like all other statutes, must receive a reasonable construction, and certainly to hold that the filing of this mortgage imparted notice from the time such filing was indorsed thereon by the recorder would, under the particular circumstances, be very unreasonable in-

Dawson v. Cross.

deed. It would seem to us that it would be far more in consonance with justice and reason to hold that under the statute such a mortgage was not filed until it was returned for that purpose after its withdrawal. The statute clearly contemplates that an instrument once filed shall *remain* with the recorder until actually recorded. Yerger v. Barz, 56 Iowa 77; Boone on Mortgages, sec. 147.

"File" meant at common law, a thread, string, wire, upon which writs and other exhibits of courts and offices were fastened or filed for the more safe keeping and ready turning the same. A paper is said to be filed when delivered to the proper officer and received by him to be kept on file. This, which we take to be the present ordinary sense of the word "filed," would be presumed to be the legislative sense unless the contrary is made to appear which it does not. Gorham v. Summers, 25 Minn. 81. Jones v. Parker, 73 Maine 248, was where the agreed statement of facts showed that the mortgage, though left with the recorder to be recorded, was withdrawn by the mortgagee before it was actually recorded, and while away the creditor's attorney made proper examination of the records and, finding no mortgage on file or on record, made an attachment. The statute which was construed in the case above referred to is very similar to ours. It was held that the mortgagee had the right to withdraw his mortgage after it had been left with the recorder and that at the time of the attachment it was not recorded and imparted no notice to the attachor. It was further held that the statute requiring a mortgage to be recorded when received meant that after the delivery and entry the effect would be the same as if actually spread upon the records, but it could have this effect only where the mortgage *remains with the recorder until spread on the record.* And so it seems that when a mortgage is withdrawn and afterwards returned for record, the date of the filing must be considered to be that of

the return.    Jones on Chattel Mort. (2 Ed.), sec. 268; Stern-
berger v. McSween, 14 S. C. 36.

It would, therefore, seem that the defendant's second in-
struction, which was refused, telling the jury that if it believed
from the evidence that the plaintiffs' mortgage was filed for
record with the recorder on October 12, 1898, and afterwards,
on October 27, 1898, was withdrawn by plaintiffs without
leaving a copy of the same, and that said mortgage was not
recorded on the record of mortgages of Clinton county at the
time it was taken out; and if it is further found that on the
twenty-seventh day of October, 1898, while said mortgage was
out of the recorder's office and not spread on the record, the de-
fendant took possession of the hogs described in the mortgage
under which he claimed, the verdict should be for the defend-
ant, etc., should have been given.

III.    It is insisted by plaintiffs that if the description
in their mortgage is sufficient that that of the defendant con-
tains a like vice, but the answer may well be made to this that
the defendants, by taking possession under their mortgage
before the rights of the plaintiffs intervened, made good all
defects that may have existed as to the description and rendered
the recording thereof unnecessary.    Bank v. Powers, 134 Mo.
446; Dobyns v. Meyer, 95 Mo. 132.

IV.    During the progress of the trial, the court rejected
the defendant's offer to prove that the plaintiffs' mortgage
marked "Filed October 12, 1898," was not the date of the
filing thereof but the date it was left in the recorder's office
the first time; that on the twenty-seventh of October it was
withdrawn by the plaintiffs and not returned until the twenty-
eighth day of said month without having been filed and after
the defendant's mortgage had been recorded; and further, that
defendant made search in the recorder's office to see whether
there was a mortgage, given by the mortgagor Hancock to

plaintiffs, filed there and was unable to find plaintiffs' mortgage or any record of any filing thereof. While the certificate of the recorder as to the time the plaintiffs' mortgage was left with him for record is conclusive, yet, according to what has been said in the second paragraph of this opinion, it was competent for the defendant to prove that this mortgage had been withdrawn before it was recorded, and that while it was out he made a search of the recorder's office and did. not find anything there showing that it had been filed, and, further, that the defendant took possession under his mortgage while that of the plaintiffs was not in the recorder's office. The withdrawal of the mortgage from the files of the recorder's office destroyed what would otherwise have been the legal effect of such filing. The date of the return was not indorsed on it. This was the true date of the filing. It was subsequently spread on the record and must be. considered as recorded from that date. It imparted notice from that date only. It was, therefore, competent for the defendant to show the date of the return as the true date of filing. The defendant's offers of evidence were, therefore, improperly rejected.

There are other points to which our attention has been called in the briefs of counsel, but they do not arise on the record before us.

The judgment must be reversed and the cause remanded. All concur.