CHARLES F. STROP, Appellant, v. THOMAS R. HUGHES, Respondent.

Kansas City Court of Appeals, February 4, 1907.

1. **CORPORATIONS: Chattel Mortgage: Common Seal: Common Law: Statute.** At common law a mortgage conveying personal property was not a specialty and did not require a seal; under the statute a corporation is authorized but not required to have a common seal; and a chattel mortgage executed by a corporation need not be sealed.

2. **CHATTEL MORTGAGE: Acknowledgment: Record: Filing Statute.** An unacknowledged chattel mortgage is not required to be recorded though its record is not forbidden, and where the mortgage is filed with the recorder who copies it into a book in his office and marks the copy filed on a certain date, the effect is the same as if a copy of the mortgage had been filed, and the recorder had indorsed thereon the date of the filing as required by the statute.

3. ———: Description: Sufficiency of. A chattel mortgage of stock contained among other items "fifteen spans of mules," which in itself is wholly insufficient, but there was added the following: "the described stock being all of the kind now owned by me and in my undisputed possession and kept on my premises." *Held*, the description was sufficient.

4. ———: Consideration: Law. Evidence of consideration is held sufficient, and in the absence of proof to the contrary the law implies a consideration for a chattel mortgage.

5. ———: Corporation: Authority to Execute: Lost Minutes. The evidence showed the three parties interested in the corporation were its directors and were present at a meeting and authorized the execution of a mortgage, and that the notes were lost. *Held*, the authority to make the mortgage was complete.

6. ——— ———: Fraudulent Conveyance: Evidence. Evidence relating to the purpose of hindering and delaying creditors in the making of a chattel mortgage is reviewed and held insufficient.

7. ———: ———: ———: ———. A recitation in a mortgage that it was made in good faith when standing alone does not constitute a badge of fraud and has little or no probative force, nor has an agreement as to the relative priority of certain liens sufficient force to raise a presumption of fraud.

8. ——— ———: ———: ———. The failure to return a chattel mortgage for taxation does not in the least tend to show fraud nor the fact that the mortgagor retained possession of the property and was permitted to exchange some of the mortgaged property for other property of equal value.

Appeal from Cass Circuit Court.—*Hon. Nick M. Bradley*, Judge.

REVERSED AND REMANDED.

*Whitsitt & Jarrott* for appellant.

(1) In answer to the first objection appellant contends that under the law a corporation is required to affix its seal only to such instruments as had to be sealed by a natural person before private seals were abolished by statute. 1 Purdy's Beach on Corporation, sec-

tion 104 and cases cited; 1 Morawetz on Private Corporations, section 338; Water Company v. Muscatine, etc., Company, 85 Iowa 112; Jones on Chattel Mortgages, section 102; City v. Railroad, 77 Mo. 184; Jones on Chattel Mortgages, sec. 51; Sherman v. Fitch, 98 Mass. 59. (2) Appellant agrees with respondent as to the correct rule of description of property covered by a chattel mortgage. That is, that the mortgage must point out the subject matter of it so that a third person by its aid together with the aid of such inquiries as the instrument itself suggests may identify the property covered. Bank v. Jenkins, 18 Mo. App. 651; Evans v. Turner, 143 Mo. 638. The record shows that this property was taken from the premises described in the mortgage and was the property of the Humphrey Hereford Cattle Company. (3) Respondent now for the first time attacks the consideration of appellant's mortgage. The mortgage was made upon sufficient consideration and the amount advanced was in excess of the value of the property mortgaged. Milling Company v. Burnes, 152 Mo. 374; Wall v. Beddy, 161 Mo. 625. (4) Appellant complied with the statute when he delivered the instrument to the recorder of deeds. A filing within the meaning of the law is a delivery to the proper officer and it is immaterial as to appellant what disposition is thereafter made of the instrument. This rule is now well settled in this State. Baker et al. v. Henry, 63 Mo. 519; State v. Hockaday, 98 Mo. 593; Building, etc., Mill Co. v. Huber, 42 Mo. App. 438, and cases cited; Rowe v. Schertz, 74 Mo. App. 608; McDermott v. Dwyer, 91 Mo. App. 188; Stevenson v. Colopy, 48 Ohio State 237. (5) The evidence tended to show the appellant had gone into actual possession of the property and under the law this would have cured all the irregularities, if any, in the execution and filing of the mortgage. It was, therefore, error for the court to sustain a demurrer to appellant's testimony.

*J. W. Porter* and *W. D. Summers* for respondent.

(1) The court did not exclude the chattel mortgage as stated by the counsel for the appellant. However, the court erred in not excluding it, but this error was afterward corrected by the court finding that the mortgage was not the act of the Humphrey Hereford Cattle Co., for the reason that, first, the seal of the corporation was not attached. R. S. 1899, sec. 982. (2) This mortgage is void as to attaching creditors for indefiniteness of description of the property which it purports to cover. Jones on Chattel Mortgages, sec. 55; 15 Ency. of Law, . p. 958 c. and note 1; 88 Mo. App. 296; 81 Mo. 532; 29 Mo. App. 204, 384, 394; 37 Mo. App. 631, 643. .(3) This mortgage is void as against creditors for the reason that it was given for the purpose of hindering and delaying creditors and was without consideration. (4) This mortgage is void as to these execution creditors, whether prior or subsequent, although they had actual notice of it, because it had not been filed as required by law and hence did not operate as constructive notice until after the levy of the executions and attachments.

BROADDUS, P. J.—This is an action in replevin, the plaintiff basing his claim to the property in controversy by virtue of a certain chattel mortgage dated July 16, 1903, from a corporation known as the Humphrey Hereford Cattle Company. The defendant had possession of the property by virtue of a seizure under a writ of attachment issued in a suit pending by a creditor against the said cattle company.

. The mortgage in question was executed by William Humphrey, the president and general manager of the corporation, with scroll attached as a seal. Notwithstanding the mortgage was received in evidence, defendant contends that it was incompetent, and if so plaintiff was not entitled to recover in any event, and that any other error, if there be any, in the trial of the cause

would be of no importance.   It is the contention of defendant that such instruments executed by a corporation must be under its corporate seal.   Plaintiff's contention is that the law requiring official seals of corporations to be affixed to instruments in writing has application only to conveyances of real estate.   And section 982, Revised Statutes 1899, requires that the common seal of the corporation shall be attached to such conveyances.   Section 893, Revised Statutes 1899 (Revised Statutes 1889, section 2388) dispensed with the use of private seals except as to corporations.   Prior to this, it was necessary for all conveyances of real estate or any interest therein to be sealed by the grantor.   [Sec. 2401, R. S. 1889.]

In a case before the Supreme Court construing the statutes as they practically exist at this time, it was held that a corporation was not bound to have a common seal and that a conveyance of real estate by the corporation in question, it having no such seal, was valid.   The construction was that the statute doing away with the necessity for private seals did away with the necessity for a corporate seal required in the cases of conveyance of real estate where the corporation had no seal "and preserves the necessity for a seal in all cases where the corporation has a seal."   And the court said, speaking of the conclusion formed: "This is the only construction that can be placed upon all the sections of the statute which will harmonize them and give effect to all of them without striking down any of them, and this construction is clearly the proper one when it is borne in mind that a corporation is *authorized* but not *required* to have a common seal."   [Pullis v. Pullis, 157 Mo. 565.]

The question here, although a construction of those statutes is involved, is somewhat different, for there is no statute requiring the common seal of a corporation to mortgages of personal property.   At common law a mortgage conveying personal property was not a specialty, and was not required to be under seal.   [Jones on

Chattel Mortgages, sec. 102.] If neither at common law nor by statute a corporation is required in making mortgages on personalty to have and use a common seal, we cannot see upon what principle of reasoning it is to be said that its acts are invalid because it omitted the use of its common seal. The only advantage we can perceive for the use of the corporation seal in such cases is that it would dispense with proof of the execution of the instrument.

The mortgage was not acknowledged, but was filed on the 16th day of July, 1903, in the recorder's office and spread upon the record. On the 25th day of February, 1904, the mortgage was withdrawn from the recorder's office and returned on the 12th of May next thereafter. The recorder stated that he kept only one file book for mortgages; those that were acknowledged and those that were not were entered in the same book. Attached to the copy spread upon the records the recorder made the following entry: "Filed for record, 16th July, 1903, at 2 p. m.  J. T. BOSWELL, Recorder."

The plaintiff's suit was begun on the 4th day of April, 1904. The attachment was issued on the 11th day of February, 1904, and the property was seized thereunder by the sheriff the day following. It is contended that the mortgage was void as to creditors because it was neither acknowledged and recorded, nor was either the original or a copy thereof filed with the recorder as required by section 3404, Revised Statutes 1899. It is not contended by plaintiff that the recording of the unacknowledged instrument was a compliance with the statute so as to give it effect as a recorded mortgage, but he insists that the copy on the record with the indorsement that the original instrument had been filed for record was a substantial compliance with the statute.

The question has not been decided in this State so far as we are informed. In the State of Ohio, the stat-

ute required that a mortgage or a true copy thereof be forthwith after its execution deposited with the township clerk or the county recorder, as the case may be, in order to make it valid as to creditors unless there be an immediate delivery of the goods at the time the same is executed. The statute further provided that the party depositing the instrument might have it recorded at his own expense. In a case involving a construction of the statute, the court held where neither the original nor a true copy thereof was on deposit, but where it was recorded, that there was a filing within the meaning of the act. [Stevenson v. Colopy, 48 Ohio 237.] The chief distinction between that case and the one here is that under the Ohio statute it was made the duty of the recorder to record any chattel mortgage at the expense of the mortgagee at his request, while our statute does not authorize the recorder to record a mortgage unless it has been acknowledged or its execution proved. But the Ohio statute, it will be observed, did not make the recording of a mortgage dispense with the filing of the original or copy in order to make it valid against the claims of creditors. While there is nothing in our statute requiring the recording of a mortgage unacknowledged or proved, it is not forbidden. And we are satisfied that the recorder could not be compelled to record such instruments, but he may do so. A record of such an instrument would be the exercise of a wise precaution in the event of its loss or destruction. While we are not unmindful of the distinction between our own statutes and those of Ohio, the principle that governs the decision of the court construing the statute of that State is applicable to this case.

Although section 3404 requires in cases where the instrument is not required to be recorded that the original or a true copy shall be filed with the recorder, it only means that it shall be deposited with such recorder whose duty it is to file it. The section provides: "And

such recorder shall indorse on such instrument or copy thereof the time of receiving the same ànd shall keep the same in his office for the inspection of all persons." We cannot see any substantial variation, from the language and purpose of the statute, between a copy of the instrument spread upon the record with date of filing and a similar indorsement upon a loose copy on file in the recorder's office with the date of filing indorsed on the back thereof.   And no one could be misled thereby, as the recorder's index would show that the original had been filed and that a copy could be found upon a certain page of a certain book in the office.   What difference would it have made if the copy had been made upon a separate paper and deposited with the recorder?   It would be only a copy and the file mark would not give it any greater effect than the indorsement on the copy spread upon the record.   Any one who was interested could be informed of its presence in the office by inquiry of the recorder or by an examination of the recorder's index and file book.   We believe the plaintiff substantially complied with the statute.   The record offered as a copy of the mortgage and as a sufficient filing under the statute was excluded by the court.

The defendant next contends that the mortgage is void for want of sufficient description of the property. The property in dispute is five mules.   The description in the mortgage mentions in a general way a number of cows, calves, hogs and other chattels, among which are "fifteen spans of mules."   If there was nothing more in the mortgage indicating what mules were referred to, the description would certainly be insufficient for their identification.   [Dawson v. Cross, 88 Mo. App. 292; Stonebraker v. Ford, 81 Mo. 532.]   But by way of description the instrument contains the following:   "The described stock being all of the kind now owned by me, and are in my undisputed possession . . . and kept on its premises on sections Nos. 19, 30 and 31 in town-

ship No. 46, range 32, in Cass county, Missouri." A similar description was held good in Evans-Snyder-Buell Co. v. Turner, 143 Mo. 638; and Bank of Odessa v. Jennings, 18 Mo. App. 651.

Defendant also contends that the mortgage is void for want of a sufficient consideration. It is only necessary to say upon this question that there was ample proof of a valuable consideration in the way of money advanced by plaintiff to the mortgagor at the time of, or a short time previous to, its execution. And in the absence of proof to the contrary, the law implies a consideration.

It is further contended that Humphrey had no legal authority to execute the mortgage. The charter of the corporation contains the following provision, among others: "The purposes for which this corporation is formed are as follows: First, to buy and sell cattle, and when necessary or desirable to encumber the same by mortgage." The evidence disclosed the fact that there were but three persons that had any interest in the corporation and that the three were its directors; that said William Humphrey was the president and general manager, Sidney P. Allen was the secretary, and the other director was named Lena Humphrey; and that all three were present at a board meeting and authorized making of the mortgage and that the minutes of the board were lost or destroyed. We think the authority to make the mortgage was complete.

The defendant alleges that the mortgage was given to delay and defraud creditors, but gives no good cause to show that fact. We have examined with care the position of the defendant on that question and find that it is not sustained by the record. One of the principal grounds is that the mortgage recites that the consideration was the purchase price of property included in the mortgage. While the recitation is not true in every respect, for the evidence was that a part of the considera-

tion was for money advanced by the mortgagee after the cattle were bought, a considerable portion was for money which the mortgagee had furnished what was known as the Riverside Cattle Company in the State of Nebraska, in which said Humphrey and Allen and the wife of the former, so far as the evidence discloses, were the owners of the corporation property. This concern was sold out and the proceeds invested in the purchase of the cattle contained in the mortgage. While in fact this part of plaintiff's loan was made to a corporation of a different name, the owners of the two were the same. Under such a state of facts, the plaintiff perhaps would have had no lien upon the property thus bought by the new concern; yet there was nothing in equity and good conscience to prevent him from taking the mortgage to reimburse himself for said lien. Under such circumstances, the recitation in the mortgage ought not to be construed as a badge of fraud.

The instrument also contains a statement that it was given in good faith, for value, and not to defraud creditors. It is suggested that one who is executing a mortgage in good faith would not have thought of inserting therein such a clause. [Roberts on Frauds, 545, 546.] It may be true that such a statement might indicate that the mortgagor had the idea of fraud in his mind when he executed the mortgage or he would not have inserted it in the writing, and that it thereby constituted a badge of fraud. But standing alone, and it appearing that there was a valuable and suitable consideration inducing its execution, such a recital would have little or no probative force.

It appears that plaintiff had a prior lien also on some real estate owned by the mortgagor which he consented should be substituted as secondary to that of one, McPherson, also on the same property. His reason for so doing, he stated, was that McPherson was threatening to foreclose his lien and that he consented to

forego his preference at the earnest solicitation of the cattle company and because he considered his security ample without said prior lien. There was nothing fraudulent in the transaction when we take into consideration the fact that plaintiff had at various times helped the cattle company by advancements and was endeavoring to keep it going as a solvent concern. The effect of a foreclosure by McPherson would certainly have crippled the company by a sale of the realty upon which its ranch was located. It is thus made to appear that the motive for the transaction was good, in that its purpose was to enable the company to continue in business.

And there is no force in the suggestion that the mortgagor did not list the mortgage for taxation. That omission of duty does not in the least tend to show that the mortgage itself was fraudulent. And the fact, if it be a fact, which is disputed, that the mortgagor retained possession and exchanged some of the mules for others, did not render the instrument invalid. No effort was made to show that those obtained by the exchange were of less value than those bartered for them. It is not shown that creditors were thereby injured. [Fleisher v. Hinde, 122 Mo. App. 218.]

Other matters suggested to show that the instrument was void as to creditors we deem unimportant.

As the plaintiff under the proof, nothing to the contrary having been shown, was entitled to recover, the court was in error in sustaining a demurrer to the prima facie case made out. The cause is reversed and remanded. [Reinhardt v. Scarrett, 115 Mo. 52.] All concur.