E. A. CUMMINS, et al., Appellants, v. T. C. KING, Constable, Respondent.*

In the Springfield Court of Appeals, December 16, 1924.

1. **CHATTEL MORTGAGES:** Attaching Creditors: Levy: Effect of Unrecorded Chattel Mortgage as Against Levy Where Possession of Property Has Not Been Taken by Mortgagee, Stated. Under section 2256, Revised Statutes of 1919, a chattel mortgage which

has not been recorded is of no effect as against an attaching creditor unless possession of the property mortgaged has been taken by the mortgagee before the levy of the attachment writ.

2. ——: ——: ——: Sheriffs and Constables: Constable Seizing Property under Attachment Writ in Same Position as Purchaser from Mortgagor. A constable who seizes property under an attachment writ is in the same position as one who has purchased from the mortgagor as to rights against mortgagee.

3. ——: ——: ——: ——: Knowledge of Constable That Unrecorded Mortgage Existed Prior to Levy Held not to Make Attachment Ineffective. If constable makes levy under writ of attachment on the property in the possession of the mortgagor, the levy takes precedence over an unrecorded mortgage even though the constable is informed of the existence of the mortgage prior to the levy.

4. ——: Evidence Held Sufficient to Show Mortgagee Had Taken Possession under Unrecorded Mortgage. Where evidence showed that mortgagee nailed up the doors of the granary where grain covered by unrecorded mortgage was located, being on farm occupied by mortgagor, there was sufficient basis to sustain a finding by the trial court of actual possession of the grain by mortgagee.

5. ——: Bills of Sale: Description of Property in Bill of Sale Held Insufficient to Give Notice of Claims Thereunder to Attaching Creditors. Bill of sale which described property sold as "1 Moline Plow, 1 John Deere 10 ft. disk, 1 10 ft. Osborne Roller," etc., but containing nothing to direct a party where to find the machinery or how to identify it *held* insufficient to give constructive notice thereof so as to render ineffective subsequent attachment of property, although recorded.

6. ——: ——: Description: What Description in Bill of Sale Must Contain in Order to Give Constructive Notice Thereof Stated. The description of property in a bill of sale to be sufficient and impart notice to the world when recorded, must be sufficient to enable a third party aided by such inquiries as the instrument itself suggests to find and identify the property.

7. ——: Evidence Held Sufficient to Sustain Finding That Possession of Machinery Subject to Unrecorded Mortgage Had Not Passed to Mortgagee. In replevin against constable, evidence *held* sufficient to sustain finding that possession of farm machinery subject to unrecorded chattel mortgage had not passed to mortgagee at time of levy of attachment.

8. **COSTS:** Finding of Trial Court as to Costs Held Not Abuse of Discretion. Under statute providing that prevailing party shall recover costs, in replevin against constable, in which plaintiffs prevailed as to part of property, while defendants prevailed as to the rest, and no costs were made that would not have been made if issue tried had related solely to property as to which plaintiffs prevailed, taxing all costs against defendants was not abuse of discretion of trial court.

*Headnotes 1. Chattel Mortgages, 11 C. J., Section 195; 2. Chattel Mortgages, 11 C. J., Section 191; 3. Chattel Mortgages, 11 C. J., Section 195 (Anno); 4. Chattel Mortgages, 11 C. J., Section 278; 5. Sales, 35 Cyc., p. 338; 6. Sales, 35 Cyc., p. 338; 7. Chattel Mortgages, 11 C. J., Section 277; 8. Costs, 15 C. J., Section 15.

Appeal from the Circuit Court of Newton County.—*Hon. Chas. L. Henson,* Judge.

AFFIRMED.

*Leo H. Johnson,* of Neosho, for appellants.

(1)  (a)  Stating the facts is all that is required in any pleading and the law gives it the proper name and effect.  Poplin v. Brown, 200 Mo. App. 255.  While the petition sets forth the full facts, still it does not merely plead the conveyance of a special interest but rather an absolute sale to appellants for considerations pleaded and proved.  (2)  (a)  Delivery of chattels is mainly determined by the intention of the parties as disclosed by their acts and efforts to pass title.  24 R. C. L. S. 275, p. 15; Whyless v. Grocer Co., 140 Mo. App. 572. (b)  Delivery of a bill of sale ordinarily has the legal effect of consummating the sale and transfer of title. 24 R. C. L. S. 277, p. 15.  (c)  And does not need to be recorded.  King v. Bailey, 8 Mo. 332.  (d)  And constitutes a symbolic delivery under which the grantee may institute suit in replevin.  Poplin v. Brown, 200 Mo. App. 255.  (e)  A sale of personal property is not required to be recorded.  Mitchell ex rel. v. Tinsley, 83 Mo. App.

586. (f). A sale, absent fraud, becomes as to attaching creditors, void and invalid, only in event an unreasonable time elapses before actual possession is delivered. Kendall v. Bain, 46 Mo. App. 581; Dillin v. Kincaid, 70 Mo. App. 670. (g) If vendee takes possession before levy is made the sale is good. Toney v. Godley, 57 Mo. App. 236; Scully v. Albers, 89 Mo. App. 118. (h) Sec. 2282, R. S. 1919, contemplates by its terms that a reasonable time shall be allowed for change of possession and also consideration had to the situation of the property. (i) Regard must be had to the character, condition and circumstances of the property sold. Hawkins v. Brick, 63 Mo. App. 67. (3) (a) With bulky and ponderous articles which from their nature are not capable of manual possession and delivery, the same indicia of a delivery and change of possession is not required to sustain a sale as against attaching creditors. 24 R. C. L. S. 320, p. 56. (b) If the property after the sale continues to be on land in the exclusive possession and control of the buyer even tho there has been no formal delivery, it is sufficient change of possesion to validate a sale as against attaching or levying creditors. 24 R. C. L. S. 321, p. 57; 24 R. C. L. S. 322, p. 58. (4) An attaching creditor has no greater right against a mortgagee or vendee, than there existed in favor of the debtor against the mortgagee or vendee, at the time of the attachment. 2 R. C. L. S. 68, p. 857. The above rule being subject of course to exceptions in so far as statutes may require recording of any mortgage or transfer of title by sale, and presumes lack of fraud or collusion on the part of the mortgagee or vendee. (5) (a) Fraud cannot be inferred merely because at the time of the sale the vendor was indebted to the vendee. State ex rel. v. Merritt, 70 Mo. 275. (b) Fraud must be alleged and proved. Martin v. Estes, 132 Mo. 402. (c) If there is collusion to aid the insolvent debtor and thus defraud other creditors, such conveyance is unlawful. Pattison v. Letton, 56 Mo. App. 325. And if the debtor retains

an interest in the property or seeks to be protected with assistance of vendee out of proceeds remaining to detriment of other creditors, the sale will not be upheld. Scudder v. Payton, 65 Mo. App. 314. But nothing of this nature can be found in the instant case. (d) It is lawful for a debtor and creditor to transact business as in the instant case, even tho the object of the debtor might be to defraud, or to hinder and delay other of his creditors, providing the mortgagee or vendee does not participate in the fraud. Sammons v. O'Neil, 60 Mo. App. 540; Monark Rubber Co. v. Bubb, 78 Mo. App. 55; Sexton v. Anderson, 95 Mo. 373. (e) And a debtor may prefer a creditor over other creditors if such action is based on honest purpose to secure a debt. Gutta Perchas v. Supply Co., 149 Mo. App. 538. (f) This is true even tho the goods obtained by the creditor absorb the entire estate of the debtor. Molaska Mfg. Co. v. Steele, 36 Mo. App. 496. (6) A defective or unrecorded chattel mortgage is valid providing possession is taken thereunder by the mortgagee prior to levy of attaching creditors. Sec. 2256, R. S. 1919; Hardy v. Graham, 63 Mo. App. 40; Dobyns v. Meyer, 95 Mo. 132; State v. Norman, 232 S. W. 454; Mallmann v. Harris Bros., 65 Mo. App. 127. (7) If possession is in the buyer at the time of sale no actual delivery is required. 24 R. C. L. S. 317, p. 54; Simmons Hdwe. Co. v. Pfeil, 35 Mo. App. 256.

*Horace Ruark* and *George Hubbert,* both of Neosho, for respondent.

(1) Plaintiffs' alleged right of possession, by virtue of the pleaded agreement, between themselves, for Cummins severally to take and hold all the property in trust for application of the proceeds, under the specified chattel mortgage (which does not purport to include more than one out of six items of machinery), first to payment of debt to himself, and, second, to indemnify his associates and himself as sureties, against the bank

notes of F. F. Stipp, must fall to the ground with the alleged first mortgage, which, without being filed with the recorder of deeds, could have no manner of validity under the Statutes of Frauds and of fraudulent conveyances. R. S. 1919, sec. 2256. (2) The alleged bill of sale, as a trust shield for the benefits of the sureties to the bank, upon the conditions pleaded and claimed by plaintiffs, falls within the inhibitions of the statute, because not certified under the notary public's signature and seal, as required in order to its admission to the files of the recorder of deeds, and it was and is therefore void. R. S. 1919, Sec. 2280, referring to secs. 2278-9, 2181, 2185-6, 2200, for form and substance. (3) The personal signature or hand of the certifying notary public is absolutely indispensable to the validity of such instrument under such statutes, notwithstanding the the supposed seal impression with the name of the notary thereon may have been set thereto by a notary. 1 Rul. Cas. Law, p. 279, sec. 57; Davis v. Hale, (Ark., quoting text of above) 170 S. W. 99; Clark v. Wilson (Ill.), 11 Am. St. Rep. 143; Marston v. Bradshaw, (Mich.), 100 Am. Dec. 152; 1 Corp. Juris, p. 835, sec. 174; Freeman's note, 21 Am. Dec. 173; Ihrig v. Ihrig (W. Va.), 88 S. E. 1010; Webb v. Ritter (W. Va.), 54 S. E. 484; Carlisle v. Carlisle, 78 Ala. 542; Fitzgerald v. Milliken, 83 Ky. 70; Jefferson v. Heil, 81 Ky. 513; Hout v. Hout, 20 Oh. St. 119; Muskingum, etc. v. Glass, 17 Oh. 542; Andrews v. Marshall, 26 Tex. 212. (4) If we imagined such signature of the notary duly set to the certificate, even then the essential seal, as one of the elements of authentication of the supposed acknowledgment, is absent, (page 34, Abstr.) and the instrument and the recording of it are therefore void; for authentication could be only by conformity to the express requirements of the statute, which provides that it shall have not only the name and office but as well also the county and State, and nothing short of that will do. R. S. 1919, secs. 9151, 2185-6. 1 Corp. Jur., p. 883, sec. 259. And under such statutes, the in-

sufficient certificate cannot be legally validated by extraneous evidence, as was attempted in this case, not even by court record entry of an acknowledgment in open court—attestation must be indorsed on the instrument in the form of a certificate by the notary in his own proper person and by his own hand; otherwise it is no certificate in law. 1 Corp. Jur., p. 884, sec. 263; p. 885, sec. 265; Ryan v. Carr, 46 Mo. 242; Adams v. Buchanan, 49 Mo. 64, 71; Allen v. King, 35 Mo. 216; McClure v. McClurg, 53 Mo. 173. (5) However that might have been, the trust bill of sale is essentially worthless for any purpose in this case, because of the absence therefrom of the necessary definite description of the property intended to be affected, in the instrument itself, under the common sense test set down in numerous cases; which is the same fatal defect that is apparent on the face of the chattel mortgage, by which no one could ever have found and identified the several items of property supposed to be covered by it. Stonebraker v. Ford, 81 Mo. 532; Dierling v. Petit, 140 Mo. App. 88; Bozeman v. Fields, 44 Mo. App. 432; Chandler v. West, 37 Mo. App. 631; Hughes v. Menefee, 29 Mo. App. 204; Bank v. Metcalf, 29 Mo. App. 394. The plaintiffs' own witnesses show that the objection and contention of defendant, as to the insufficiency of the descriptions of specific items of the chattels sued for, as mentioned in the instruments pleaded and relied on by plaintiffs, were well taken and are well maintained, viz: D. A. Cummins, J. O. Hammons. The recording of the bill of sale in fact could not and did not impart any validity or life to it, for an instrument not perfected for filing or recording as required by statute, is not entitled to be, and should not be, filed or recorded, and so cannot be held to impart notice of its contents to, or have any efficiency against, the attaching creditor or other person, or be given any force. Hentz v. Moore, 246 Mo. 226; Williams v. Butterfield, 185 Mo. 181. (6) The alleged and pretended possession on the part of the plaintiffs, derived from the debtor Stipp, was fatally

short of the sort of possession required by the statute in order to defeat the attachment; for in making out their case, they must have proved, as they did not, that the property was really and truly delivered, from the custody and control of Stipp into the custody and control of plaintiffs, and that the resulting "change" of possession was "open" and "visible" and "notorious" and "unequivocal" and "exclusive" and "continuous," before and up to the attachment seizure, all in behalf of the plaintiffs as distinguished from the debtor in attachment.    Otherwise there could be no proper finding in support of plaintiffs claim to any part of the property, under the long established rule of the following decisions, which are submitted as fully sustaining the rigor of the proposition last above written, pursuant to R. S. sec. 2282; Miller v. Talent (Spgfld. App.), 212 S. W. 73; State, ex rel. v. Goetz, 131 Mo. 675; Bishop v. O'Connell, 56 Mo. 158; Wright v. McCormick, 67 Mo. 426; State, ex rel. v. Stone, 111 Mo. App. 364; Reynolds v. Beck, 108 Mo. App. 188; Stepacher v. Saunders, 74 Mo. App. 475; Revercomb v. Dukes, 74 Mo. App. 570; Anderson v. Barry, 158 Mo. App. 133; Gambrel v. Hines, 167 Mo. App. 205.

COX, P. J.—There were cross appeals in this case and the cases were docketed separately in this court, one being No. 3663 and the other 3664. We shall consider them as consolidated in this court and dispose of them as one case.

This action is in replevin. A jury was waived and the case tried by the court. Judgment went for plaintiff for part of the property and for defendant for the remainder. The costs were all taxed against defendant. Plaintiffs appealed from the entire judgment. Defendant also appealed but suggests in this court that if he be relieved from the judgment against him for costs, he will not seek a reversal in other respects.

The defendant, constable, levied upon the property in controversy under a writ of attachment against one F. F. Stipp. The plaintiff claimed under a chattel mortgage executed by Stipp to D. A. Cummins and also a bill of sale from Stipp to all of plaintiffs. Mr. Stipp was a tenant on the farm of D. A. Cummins but had been unsuccessful. He became indebted to Cummins for advancements to assist him in producing a crop and gave Mr. Cummins a chattel mortgage upon the grain to be produced on the farm and also on the farm machinery which he owned. He had been on the farm for two years and had borrowed money from a bank and all of plaintiffs had signed his note at the bank as sureties for him. Some time prior to the levy of the attachment writ Mr. Stipp gave a bill of sale to all of plaintiffs for all the property involved here. After the property had been levied on under the writ of attachment against Mr. Stipp, this suit in replevin was begun. At the trial, the court found for plaintiff for the grain and for defendant for the farm machinery and taxed the costs against defendant.

As we view this case, its proper determination rested upon a question of fact as to whether or not plaintiffs had taken possession of the property in controversy under the chattel mortgage and bill of sale or either of them prior to the levy of the writ of attachment. The mortgage had not been recorded but when the constable levied the writ of attachment Mr. Stipp had the mortgage in his possession and told the constable he had it and exhibited it to him. The constable had actual knowledge of the chattel mortgage before the levy but that did not give the plaintiffs any advantage, for, under our statute, section 2256, Revised Statutes, 1919, the chattel mortgage which had not been recorded was of no effect as against an attaching creditor unless possession of the property mortgaged had been taken by the mortgagee before the levy of the attachment writ. A constable who seizes property under an attachment writ is in the

same position as one who has purchased from the mortgagor and hence if the mortgagor was in possession at the time of the levy, the levy would take precedence over an unrecorded mortgage even though the constable was informed of the existence of the mortgage prior to the levy. [R. S. 1919, sec. 2256; Wilson v. Milligan, 75 Mo. 41; Humphreys Savings Bank v. Carpenter et al., 250 S. W. 618.]

The validity of plaintiffs' claim under the chattel mortgage depended solely on the question as to whether Stipp or Cummins was in possession of the property at the time of the levy. The court found for plaintiffs for the grain and we think the evidence supports that finding. Mr. Cummins testified that he had nailed up the doors of the granaries where the grain was located and we think that sufficient to sustain a finding of actual possession of the grain by him.

The bill of sale was signed by Stipp and had attached to it a form of acknowledgment before a notary public with seal of the notary attached on which appeared the name of the notary but he did not sign the certificate of acknowledgment. The bill of sale was recorded before the levy and plaintiffs contend that it gave constructive notice that plaintiffs were then the owners of the property, while defendant contends that since the notary did not affix his signature to the acknowledgment, the instrument could not legally be admitted to record and for that reason it imparted no notice. We are inclined to agree with defendant's contention on that question but do not regard it as vital in this case for the reason that we do not think plaintiffs can sustain their claim under the bill of sale as giving constructive notice even though it were properly acknowledged and recorded. Whether the bill of sale was valid depends, like the chattel mortgage, upon the question of whether Cummins took possession of the property before the levy. This for the reason that we do not regard the description of the property in the bill of sale sufficient as to the farm machinery. The de-

scription is as follows: "1 Moline Tractor, Model D and plow; 1 John Deer 10 ft. disk; 1 10 ft. Osborne Roller; 1 10 ft. Osborne Harrow."

It will be noticed that the description only tells what the articles are and the brand or name of the manufacturer. There is nothing in the bill of sale to direct a party where to find this machinery or how to identify it. The description of property in a bill of sale to be sufficient and impart notice to the world when recorded, must be sufficient to enable a third party aided by such inquiries as the instrument itself suggests to find and identify the property. [Stonebraker v. Ford, 81 Mo. 532; Dierling v. Petit, 140 Mo. App. 88, 119 S. W. 524; Bozeman v. Fields, 44 Mo. App. 432.]

The description in this bill of sale does not meet that test. There is nothing in the bill of sale that would suggest to any person where he could secure information by which he could find and identify the property. If it had gone farther and had given the location of the property, it would have been sufficient (Stropp v. Hughes, 123 Mo. App. 547, 101 S. W. 146), but with no suggestion at all as to how the property may be found, the description is wholly insufficient.

On the question of possession of the property, the evidence was somewhat conflicting. The property was located on the farm owned by Mr. Cummins and on which Mr. Stipp lived as tenant. When the bill of sale was executed nothing was done as to the farm machinery. It remained on the farm as before. For plaintiffs it was shown that when the bill of sale was executed Stipp agreed to move away immediately and that he did move away before the levy of the writ of attachment. If that were true, that would leave the farm and the farm machinery in the possession of Cummins, the owner of the farm. Defendant's testimony was to the effect that Mr. Stipp had not moved away from the farm but was there with his household goods in the house and his chickens there on the premises, etc. There was sufficient evidence

to sustain the finding of the court that possession of the farm machinery had not passed from Stipp to Cummins at the time of the levy. The evidence therefore supports the court's finding as to the farm machinery.

The remaining question relates to the judgment against defendant for costs. The trial court is vested with some discretion in the manner of taxing costs and we are of the opinion that his discretion was not abused in this case. The statute provides that the prevailing party shall recover his costs. The plaintiffs prevailed as to the grain while the defendant prevailed as to the machinery. If plaintiffs had sued for the grain only, they would have recovered all they sued for and would have been entitled to a judgment for costs under the statute. From what we glean from the record before us there was no costs made in the case that would not have been made if the issue tried had related solely to the grain. Had defendant not levied on the grain or if, when sued, he had confessed judgment as to the grain, he would have been relieved from costs in that particular but since he did not and the trial court has seen fit to tax all the costs against him, we are disposed to affirm his action. The judgment will be affirmed. *Farrington* and *Bradley, JJ.,* concur.